(4 App. Div. 523)

CLARK et al. v. ALDRICH.

(Supreme Court, Appellate Division, Fourth Department. April 18, 1896.)

1. PARTIES—M'SJOINDER—SUFFICIENCY OF ANSWER TO RAISE OBJECTION.
   An answer which merely alleges a misjoinder of parties plaintiff is not sufficient to raise the objection that one of the plaintiffs, as administratrix, had no interest in the controversy, but it should point out specifically the defect relied on.

2. LANDLORD AND TENANT—ESTOPPED TO DENY LANDLORD'S TITLE.

The rule that a tenant cannot deny his landlord's title precludes a tenant, in an action for rent, from raising the objection that plaintiffs (the lessors) were not the sole owners of the demised premises.

3. ASSIGNMENT—SUFFICIENCY—QUESTION OF LAW.

A writing which recites that, "For value received, I hereby sell, assign, transfer, and set over to M. all my right, title, and interest in and to a certain lease," describing it, is, as a matter of law, sufficient; and it was error for the court to submit the question of its sufficiency to the jury.

Appeal from Onondaga county court.

Action by Rose J. Clark and others against Bruce S. Aldrich, for rent. From a judgment entered on a verdict in favor of plaintiffs, and from an order denying a motion for a new trial on the minutes, defendant appeals. Reversed.

This action was begun July 21, 1894, in a justice's court. The plead'ngs were as follows: Complaint: "Plaintiffs complained for rent of premises near Maple Bay, Onondaga county, for April, May, and June." Answer: "Defendant answered: General denial; misjoinder and nonjoinder of parties plaintiff." A trial was had which resulted in a verdict for $185.76 damages. The costs were adjusted at $6.92, and a judgment rendered for the plaintiffs for $192.68. Thereupon the defendant appealed to the county court, demanding a new trial, which was had, and a verdict rendered for the plaintiffs for $185.85. A motion for a new trial on the minutes was made, denied, and an order entered. Thereafter the plaintiffs' costs were taxed at $59.22, and July 19, 1895, a judgment was entered in favor of the plaintiffs for $245.07, from which the defendant appealed to this court.

October 14, 1888, George S. Brand died intestate, seised in fee of a farm, leaving Rose J. Clark, Carrie Quinn, and Ella M. Brand, daughters (the plaintiffs herein), and two grandsons, children of a deceased son, who are infants residing in the state of Iowa, his heirs and next of kin, and Almena Brand, widow. May 14, 1889, the plaintiffs herein and Almena Brand entered into a written lease, under seal, with Willis S. Barnum, by which he leased the part of the farm lying east of the Oswego & Syracuse Railroad for the term of 10 years from April 1, 1889, for the yearly rent of $10 per acre for the upland and $15 per acre for the swamp and reclaimed land, payable on the 1st days of April, May, June, July, August, September, October, and November in each year. The lease provided that the quantity of land was to be ascertained by a survey, which was made, and it was ascertained that there were $187 9/100$ acres of upland and $205 2/100$ acres of swamp and reclaimed land, and that the annual rent amounted to $495.36, $61.92 being payable on the 1st days of April, May, June, July, August, September, October, and November in each year. Under this lease the lessee entered into possession of the demised premises, and December 12, 1892, he sublet a piece of said premises 40 feet wide by 70 feet long to George W. Steele for 20 years for an annual rental of $10. Steele entered into possession of the piece so sublet to him, and still remains in possession thereof. Willis S. Barnum occupied the remainder of the demised premises until August 9, 1893, when he, by a written assignment, assigned his lease, and also the lease to Steele, to the defendant in this action, who then entered into possession of all the leasehold premises, except that sublet to Steele, and paid the stipulated rent until April 1, 1894. November 23, 1893, the defendant signed the following instrument:

"For value received, I hereby sell, assign, transfer, and set over to Frank B. Maycumber all my right, title, and interest in and to a certain lease of land at Maple Bay, by Ella M. Brand and others to Willis S. Barnum.

"Syracuse, Nov. 27th, 1893.                         Bruce S. Aldrich."

This assignment was not delivered to the assignee therein named until April 2, 1894. The interest of Almena Brand in the premises was her unassigned dower right. May 13, 1892, she died intestate, leaving her said three daughters and said two grandchildren her heirs and next of kin, and subsequently Ella M. Brand was appointed administratrix of said deceased. This action was brought for the recovery of the rent due in April, May, and June,

1894, and was defended on the, ground that the defendant had assigned the lease, surrendered possession of the premises to his assignee, and was not liable for rent, nor for use and occupation, after his surrender, and also on the ground that there was a defect of parties plaintiff.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and GREEN, JJ.

E. N. Wilson, for appellant.
Charles E. Ide, for respondents.

FOLLETT, J.    The unassigned dower right of Almena Brand in the leased premises was extinguished by her death, which occurred May 13, 1892, and her administratrix has no interest in the rent sought to be recovered in this action, and she is an unnecessary party plaintiff, but the objection was not sufficiently raised by the answer. The defendant should have pointed out specifically the defect relied on,—that the administratrix was improperly joined as a party plaintiff (Berney v. Drexel, 33 Hun, 419),—and, not having done so, the objection is waived.

The defendant cannot dispute the title of his landlords, and the grandsons of George S. Brand, if living and retaining their interests in the premises, are not necessary parties; and, besides, the answer does not specifically raise the question that they should have been joined as plaintiffs.

The assignee of a lease, who enters into possession of the leased premises, is liable for the rent thereof during the time he remains in possession; but, if he assigns his interest, and ceases to occupy the premises, his liability for rent is terminated.    The decision of this case turned upon whether the defendant occupied the premises under this lease during April, May, and June, 1894.    The defendant read in evidence the assignment of November 27, 1893, set forth in the statement of facts, and testified that he had not been in possession of the premises, or any part of them, since November 27, 1893, at which date, he testified, he surrendered them to Maycumber, his assignee.    The plaintiffs asserted that this assignment was merely colorable, and that the defendant remained in possession during the time for which rent was sought to be recovered.    This question of fact was sharply litigated on the trial, and the evidence was quite sufficient to present a question for the jury.    If it were true that the defendant's assignment was colorable, and that he was in fact in occupation of the premises, through Maycumber as his agent, he remained liable for rent.

The defendant requested the court to charge that, "if it [the assignment of the lease] was executed and delivered with the intent of conveying the estate, that the instrument itself is legally sufficient to accomplish that purpose.    The Court: The effect of this instrument I am going to leave to the jury."    The defendant also requested the court to charge "that the instrument [Exhibit No. 4, the assignment of the lease] purporting to be executed by the defendant to Maycumber is in form and language sufficient to legally transfer all the interest that Aldrich had in the premises in question.    The Court: I don't know about that.    I will leave that to the jury.

I decline to charge that." To this ruling the defendant excepted. This was error. This assignment, on its face, was sufficient in form to transfer all the defendant's interest in the original lease, and the court should have so charged. This assignment had no legal effect, unless it was delivered by Aldrich to Maycumber, and accepted by the latter, with intent on the part of both that it should take effect according to its terms. If it were so delivered and accepted, it was sufficient to transfer the defendant's interest in the premises, provided the defendant surrendered possession of the premises to Maycumber pursuant to the assignment, and thereafter ceased to occupy the premises.

The judgment and order should be reversed, and a new trial granted, with costs to abide the event. All concur.