### DASSORI v. ZAREK.

(Supreme Court, Appellate Division, Second Department. April 18, 1902.)

LEASE—ASSIGNMENT—LIABILITY OF ASSIGNEE FOR RENT.

Provision in assignment of lease, after the habendum clause, "subject, nevertheless, to the rents, covenants, conditions, and provisions therein also mentioned," reference being to the original lease, containing covenant for payment of rent, is not a covenant to pay rent that will hold the assignee therefor after he has also assigned the lease.

Appeal from municipal court, borough of Brooklyn, First district.

Action by Frederick Dassori against Siegfried S. Zarek. From judgment dismissing the complaint, plaintiff appeals. Affirmed.

The action was to recover rent for the month of June, 1901, upon the lease. The pleadings were oral, and the answer was a general denial and a former adjudication. The premises were formerly owned by Benedix, who leased them to Dittmer for five years from May 19, 1897. Benedix conveyed the premises to Mollenhauer on August 1, 1900, and on December 19, 1900, Mollenhauer and this defendant made an agreement under seal, which, after reciting several mesne assignments of the lease, and that the final assignee, Allys, was about to transfer the lease to the defendant, reinstated and restored the lease, and confirmed the defendant in the enjoyment thereof, with all of the rights and privileges given and granted in the original lease, and which the original lessee and the several assignees thereof might have had or have thereunder. An assignment of the said lease, made by the said Allys to the defendant, dated December 18, 1900, was recorded on December 20, 1900. On January 24, 1901, Mollenhauer conveyed the premises to the principal of the plaintiff, subject to the original lease of Benedix to Dittmer, and to the agreement of Mollenhauer and the defendant, dated December 19, 1900, and heretofore described. The defendant entered into possession, and for a period paid the rent thereof. The rent was paid up to June, 1901, but the defendant denied that any payments were made by him subsequent to March, 1901. The defendant read in evidence an assignment of the lease executed by him to Brodie, dated March 26, 1901, and gave evidence to establish that on that day he executed a bill of sale of the chattels in the premises to the said Brodie, that he then put Brodie in possession, and introduced Brodie to the plaintiff as the new tenant. The plaintiff disputed the testimony offered by the defendant so far as it related to the defendant's acts and conversation with the plaintiff's agent in charge of the premises.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Richard A. Rendich, for appellant.
Louis Malthauer, for respondent.

JENKS, J. The assignee of a lease is liable for the rent only for the period that he is in possession, and if he assign his term and go out his liability is thereupon determined. Durand v. Curtis, 57 N. Y. 7; Childs v. Clark, 3 Barb. Ch. 52–60, 49 Am. Dec. 164; Clark v. Aldrich, 4 App. Div. 523, 40 N. Y. Supp. 440. This rule is subject to the exception that if the assignment to the assignor contain his express contract or covenant to pay the rent or to perform the covenants of the lease, which embrace a covenant to pay the rent, then he may be held upon his contract or covenant, despite his own subsequent assignment. The learned counsel for the appellant insists that the assignment to the defendant did contain a covenant on his part which establishes his liability. After the habendum clause, the instrument reads, "subject, nevertheless, to the rents, covenants, conditions, and provisions therein also mentioned." The reference is to the original lease, which contained a covenant for the payment of rent. This precise question was decided adversely to the appellant in Wolveridge v. Steward, 1 Cromp. & M. 644, and the reasoning of the court, per Denman, C. J., is conclusive and exhaustive. See, too, McAdam, Landl. & Ten. (3d Ed.) § 240.

The judgment must be affirmed, with costs. All concur.