STONE v. AUERBACH.

(Supreme Court, Appellate Division, First Department. June 18, 1909.)

1. PLEADING (§ 126*)—FRIVOLOUS ANSWER—NEGATIVE PREGNANT.

The denial in the answer, in an action by a lessor against an assignee of the lease to recover the taxes of 1907 levied on the property, which the lease required the lessee to pay, "that the defendant continued in the possession of the premises * * * from May 1, 1906, till after November 30, 1907," is frivolous; it containing a negative pregnant, and at most being a denial of the continuity of the possession during the entire period, and being true if defendant remained till November 29, 1907, which was long after the taxes were levied and became due and payable.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 261–263; Dec. Dig. § 126.*]

2. EVIDENCE (§ 31*)—JUDICIAL NOTICE—CHARTER OF CITY.

The court will take judicial notice of the charter of a city.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 41; Dec. Dig. § 31.*]

3. PLEADING (§ 121*)—FRIVOLOUS ANSWER—DENIAL OF KNOWLEDGE OR INFORMATION.

It being the duty of defendant to pay certain taxes, he is chargeable with what the public records show with respect thereto, so that his denial that he has any knowledge or information sufficient to form a belief thereof is frivolous.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 245–248; Dec. Dig. § 121.*]

4. PLEADING (§ 36*)—FRIVOLOUS ANSWER.

Defendant having admitted, by not denying, that he was in possession of premises October 7, 1907, when by the city charter the taxes became a lien on the premises, his denial of the express allegation of the com-

---

plaint that the taxes' became a lien while he was in possession was immaterial.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 36.*]

5. LANDLORD AND TENANT (§ 44*)—COVENANT RUNNING WITH THE LAND.
The covenant in a lease to pay the taxes runs with the land.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 110; Dec. Dig. § 44.*]

6. LANDLORD AND TENANT (§ 148*)—ASSIGNMENT OF LEASE—ACTION ON COVENANT.
Defendant's acceptance of the assignment of the entire estate of the lessee created a privity of estate between him and plaintiff, the lessor, giving plaintiff a right of action against him on the covenant for payment of taxes, on default in so doing.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 527; Dec. Dig. § 148.*]

7. LANDLORD AND TENANT (§ 148*) — ASSIGNMENT OF LEASE — LIABILITY ON COVENANT TO PAY TAXES—POSSESSION.
It is immaterial, on the question of liability on a covenant in a lease to pay taxes of one who has accepted an assignment of the lease, whether he entered into possession of the premises.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 527; Dec. Dig. § 148.*]

Ingraham, J., dissenting.

Appeal from Special Term, New York County.

Action by Mary B. Stone against Meyer· Auerbach. From a judgment for plaintiff for the relief demanded, entered pursuant to an order granted on motion of plaintiff for judgment on the pleadings on the ground that the answer was frivolous, defendant appeals, with notice of intention to review the order on which judgment was entered. Affirmed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Abram I. Elkus (Chas. W. Hulst, on the brief), for appellant.
Robert Ludlow Fowler, for respondent.

LAUGHLIN, J.  The action is brought to recover the sum of $2,450.23, with interest thereon at the rate of 7 per cent. per annum from the 7th day of October, 1907, being the amount of a tax levied against premises in the borough of Manhattan, in the city of New York, owned by the plaintiff, which she leased to one Fraser, pursuant to an indenture of lease made the 31st day of August, 1892, which was modified by an agreement in writing on the 8th day of April, 1904, and was to commence on the 1st day of February, 1892, and to terminate on the 1st day of May, 1908.  As thus modified, the lease contained an agreement on the part of the lessee to pay, in addition to the rent reserved, "the regular annual taxes levied" on the premises during the years 1904 to 1907, inclusive.

It is alleged in the complaint that Fraser, the lessee, assigned and transferred the lease as modified, and the agreement modifying it,· to the Fraser Tablet Company, a domestic corporation, on the 12th day of April, 1904, and that said corporation assigned and transferred the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

same to the defendant on or about the 1st day of May, 1906; that the assignment was made subject to "the rents, covenants, conditions, provisions, and agreements" contained in the lease and the agreement modifying the same; that the defendant duly accepted the same, and entered into possession of the premises thereunder, and remained in possession, enjoying and using the same, until the 30th day of November, 1907, and during said time held and owned the lease as modified by the subsequent agreement; that the defendant "undertook and promised" to pay the rent and the annual taxes levied on the premises; that by virtue of the provisions of section 914 of the Greater New York charter (Laws 1897, p. 327, c. 378), as re-enacted by chapter 466, p. 389, of the Laws of 1901, the premises became subject to a tax of $2,450.23 on the 1st Monday in October, 1907—the 7th day of the month—which became due and payable on that day and thereupon became a lien upon the premises; and that the defendant has not paid the tax or any part thereof. The lease and agreement modifying the same were annexed to and made a part of the complaint.

The defendant admits, by not denying, the allegations of the complaint with respect to making the lease and agreement modifying the same and with respect to the assignments of the lease, and with respect to his entering into possession of the premises as assignee of the lease. The defendant, however, attempts to deny the allegations of the complaint with respect to the period that he remained in possession by a denial in the following form:

"Denies the allegation contained in paragraph 3 of said complaint that the defendant continued in the possession of the premises described in paragraph marked or numbered 1 of said complaint from the 1st day of May, 1906, until after the 30th day of November, 1907."

This denial is frivolous, for it contains a negative pregnant, and at most is merely a denial of the continuity of the possession of the premises during the entire period, and would be true literally if the defendant remained in possession until the 29th day of November, 1907, which would be long after the taxes were levied and became due and payable.

The defendant also attempts to put in issue, by denial that he has any knowledge or information sufficient to form a belief thereof, the allegations with respect to the effect of the provisions of the charter of Greater New York, and with respect to the levying of the taxes upon the premises. The court takes judicial notice of the charter, and if it was the duty of the defendant to pay the taxes he is chargeable with what the public records show with respect thereto, and a denial that he has any knowledge or information sufficient to form a belief thereof is frivolous. City of New York v. Matthews, 180 N. Y. 41, 72 N. E. 629.

The defendant admits that he has not paid the taxes, and he denies an express allegation that they became a lien while he was in possession of the premises. But he had already admitted, by not denying, that he was in possession of the premises on the 7th day of October, 1907, when by virtue of the provisions of said section of said Greater New York charter the taxes became a lien on the said premises. Therefore

no material allegation of the complaint was put in issue by the answer.

The covenant to pay the taxes ran with the land. Post v. Kearney, 2 N. Y. 394, 51 Am. Dec. 303; Lehmaier v. Jones, 100 App. Div. 495, 91 N. Y. Supp. 687. The defendant having accepted the assignment of the entire estate of the plaintiff's lessee, a privity of estate was thereby created between him and the plaintiff, which gave the plaintiff a right of action against the defendant on the covenant for the payment of taxes, upon default in so doing. Stewart v. L. I. R. R., 102 N. Y. 601–607, 8 N. E. 200, 55 Am. Rep. 844; Tate v. Neary, 52 App. Div. 78, 65 N. Y. Supp. 40; McAdam, Landlord and Tenant (3d Ed.) pp. 418, 419. Moreover, it seems that it is not material whether the defendant entered into possession of the premises or not, since it is alleged, and not denied, that he accepted the assignment of the lease. Tate v. McCormick, 23 Hun, 218; Moore v. Chase, 26 Misc. Rep. 9, 55 N. Y. Supp. 621; Tate v. Neary, supra; Walton v. Cronly's Adm'r, 14 Wend. 63; 2 Taylor, Landlord & Tenant (8th Ed.) § 451; Chaplin, Landlord & Tenant, §§ 351, 355.

It follows, therefore, that the denials in the answer, so far as they relate to material allegations in the complaint, were clearly frivolous, and the court properly ordered judgment in favor of the plaintiff on the pleadings.

The judgment should be affirmed, with costs.

McLAUGHLIN, CLARKE, and SCOTT, JJ., concur. INGRAHAM, J., dissents.