---

78TH ST. & BROADWAY CO. v. PURSSELL MFG. CO. (No. 6851.)

(Supreme Court, Appellate Division, First Department. March 12, 1915.)

LANDLORD AND TENANT ☜208—RENT—LIABILITY OF ASSIGNEE.

When an assignee accepts an assignment of the lease, he thereby creates a privity of estate between himself and the lessor, which renders him liable for the rent reserved in the lease, whether he remains in actual possession of the premises or not, unless the estate is terminated by an assignment of the lease by him, or by the surrender of the premises with the consent of the landlord.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 737, 821–831; Dec. Dig. ☜208.]

Appeal from Appellate Term, First Department.

Action by the 78th Street & Broadway Company against the Purssell Manufacturing Company. Judgment of the Municipal Court for the plaintiff was affirmed by the Appellate Term, and defendant appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Clarence De Witt Rogers, of New York City, for appellant.
Henry S. Mansfield, of New York City, for respondent.

McLAUGHLIN, J. On February 21, 1911, the plaintiff leased certain real estate in the city of New York, at a specified rental, to the Purssell Manufacturing Company, a domestic corporation, for a term of five years from May 1, 1911. The lessee entered into possession and occupied the premises and paid the rent agreed until February, 1912, when it was adjudicated a bankrupt and a receiver appointed. The receiver then took possession of the premises and occupied the same until the lease was assigned to the defendant. On May 8, 1912, pursuant to an order of the United States District Court for the Southern District of New York, the receiver sold all of the assets of the bankrupt, including the lease in question, to Frank J. Walsh and John A. Ives. Walsh and Ives then organized the defendant corporation, for the purpose of taking over the assets of the bankrupt, and on May 22, 1912, caused the bill of sale of the same, including an assignment of the lease, to be made directly to it. The corporation immediately took possession of the premises and continued to occupy the same and pay the rent in accordance with the terms of the lease, until April 30, 1914. On that day it abandoned the premises and no-

tified plaintiff that its occupancy was at an end. The keys to the building were presented to one Calder, president of the plaintiff, who refused to accept or give a receipt for them, and they were, accordingly, left in plaintiff's office. This action was brought in the Municipal Court of the City of New York to recover the rent stipulated to be paid for the month of May. Plaintiff had a recovery for the amount claimed. An appeal was taken to the Appellate Term, where the judgment of the Municipal Court was affirmed. The defendant now appeals to this court from the determination of the Appellate Term.

The appellant contends that it, being a mere assignee of the lease, and never having assumed or agreed to carry out any of its covenants, was liable only for the rent while it remained in possession, or, in other words, it was liable only by reason of the privity of estate created by the assignment of the lease to it, which liability was dependent upon its remaining in possession. This contention finds support in the case of Fechter v. Schonger, 53 Misc. Rep. 648, 103 N. Y. Supp. 738, which held that the assignees of a lease were liable for rent only for the period during which they remained in possession. This view of the law is contrary to the view of the Appellate Term, from which the present appeal is taken, and in my opinion is erroneous. When an assignee accepts an assignment of a lease of real property, he thereupon, by virtue of the assignment, becomes liable to the lessor for the rent stipulated to be paid. The acceptance of the assignment creates a privity of estate between the lessor and the assignee, and it is not material that such acceptance be followed by the assignee's entering into possession of the premises. Stone v. Auerbach, 133 App. Div. 75, 117 N. Y. Supp. 734; Tate v. Neary, 52 App. Div. 78, 65 N. Y. Supp. 40; Tate v. McCormick, 23 Hun, 218. The privity of estate thus created, however, may be terminated by assignment of the lease, or by surrender of the premises with the consent of the lessor. Frank v. N. Y., L. E. & W. R. R. Co., 122 N. Y. 197, 25 N. E. 332; Dassori v. Zarek, 71 App. Div. 538, 75 N. Y. Supp. 841; Tate v. McCormick, supra. But until that privity of estate has been terminated the assignee remains liable for the rent stipulated to be paid.

In the case at bar the defendant did not assign the lease, and the lessor refused to accept a surrender of the premises. The privity of estate which was the basis of defendant's liability was not, therefore, terminated, and for that reason defendant was liable for the rent for which a recovery was had. The conclusion thus reached makes it unnecessary for us to determine whether the defendant, by its letter to the plaintiff, under date of May 23, 1912, assumed and agreed to carry out the terms of the lease.

The determination of the Appellate Term is therefore affirmed, with costs. All concur.