---

(92 Misc. Rep. 178)

### 78TH ST. & BROADWAY CO. v. PURSELL MFG. CO.

(Supreme Court, Appellate Term, First Department. October 25, 1915.)

1. LANDLORD AND TENANT ⟠208—LEASES—ASSIGNMENT.

An assignee of a lease, who did not assume the covenants thereof, was not, after an assignment by him to a third person, liable for future installments of rent.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 737, 821–831; Dec. Dig. ⟠208.]

⟠For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. LANDLORD AND TENANT ⚒═➡208—ASSIGNMENT OF LEASE—LIABILITY OF AS-
SIGNEE. .

In a proceeding in bankruptcy, a lease belonging to the bankrupt may be
assigned without the lessor's consent, so that a covenant by promoters
of the corporation to which the lease was assigned to pay the rent, based
on the consent of the lessor to the assignment, is without consideration
and unenforceable against the corporation.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 737,
821–831; Dec. Dig. ⚒═➡208.]

3. CORPORATIONS ⚒═➡590—LIABILITIES—ASSIGNEE OF LEASE.

While Stock Corporation Law (Consol. Laws, c. 59) § 9, provides that, up-
on reorganization of a corporation and sale of the corporate property and
franchises to a successor corporation, such corporation shall be subject
to all liabilities and duties imposed by law on the original corporation, a
successor corporation to a bankrupt company, which took an assignment
of its lease, is not bound to pay rent after reassignment; such duty being
one imposed by covenant, and not by law.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2354, 2361–
2367; Dec. Dig. ⚒═➡590.]

Appeal from City Court of New York, Trial Term.

Action by the 78th Street & Broadway Company against the Pursell
Manufacturing Company. From a judgment for plaintiff, defendant
appeals. Reversed, and complaint dismissed.

Argued    October    term,    1915,    before    BIJUR,    PAGE,    and
SHEARN, JJ.

Gordon & Rogers, of New York City (Clarence De Witt Rogers,
of New York City, of counsel), for appellant.

Henry S. Mansfield, of New York City, for respondent.

PAGE, J. [1] The defendant purchased from the receiver in bank-
ruptcy of a bankrupt corporation all the property of the bankrupt,
including a lease of certain premises in the city of New York, of
which the plaintiff was landlord, and the defendant became the suc-
cessor of the bankrupt, pursuant to section 9 of the Stock Corpora-
tion Law. On April 30, 1914, the defendant abandoned the premises,
and an action was brought against it by the plaintiff in the Municipal
Court to recover the installment of rent which became due on May
1, 1914. On appeal to the Appellate Division in that action, it was
held that the defendant was an assignee of the lease, and as such
was liable for the rent reserved therein by reason of its privity of
estate, irrespective of whether it remained in possession, and an
abandonment of the premises was insufficient to defeat the plaintiff's
right to recover the rent (Seventy-Eighth Street & Broadway Co.
v. Purssell Mfg. Co., 166 App. Div. 684, 152 N. Y. Supp. 52). The
court said (166 App. Div. at page 685, 152 N. Y. Supp. at page 53):

"The acceptance of the assignment creates a privity of estate between the
lessor and the assignee, and it is not material that such acceptance was fol-
lowed by the assignee's entering into possession of the premises. Stone v.
Auerbach, 133 App. Div. 75 [117 N. Y. Supp. 734]; Tate v. Neary, 52 App. Div.
78 [65 N. Y. Supp. 40]; Tate v. McCormick, 23 Hun, 218. The privity of estate
thus created, however, may be terminated by assignment of the lease or by

surrender of the premises with the consent of the lessor. Frank v. N. Y., L. E. & W. R. R. Co., 122 N. Y. 197 [25 N. E. 332]; Dassori v. Zarek, 71 App. Div. 538 [75 N. Y. Supp. 841]; Tate v. McCormick, supra. But until that privity of estate has been terminated the assignee remains liable for the rent stipulated to be paid."

The present action is brought to recover four installments of rent under the lease, falling due on the 1st days of June, July, August, and September, 1914, respectively. The defendant offered evidence to prove that on the 23d day of May, 1914, the lease was assigned to one Samuel N. Smith, and the assignment accepted by him on that day. In the absence of facts showing an assumption of the covenants of the lease by the defendant, and hence a privity of contract with the plaintiff, this assignment was sufficient to defeat the plaintiff's claim for subsequent installments of rent. Frank v. N. Y., L. E. & W. R. R. Co., supra.

[2] There was no express assumption of the lease by the defendant at the time of the assignment, but the plaintiff claims that such an assumption should be held to have been made when the promoters of the defendant corporation sought and obtained the consent of the plaintiff to their tenancy and then promised to pay the rent. Particular reliance is placed upon a letter written by one Walsh, who was afterwards the first president of the defendant corporation, to the plaintiff, on May 23, 1912, before the incorporation of the defendant in which he stated:

"We took possession of the Pursell Manufacturing Company business May 10th, inst. The transfer of the stores, leases, and assets has just about been completed. We therefore take pleasure in inclosing checks for the full amount due for May/12 rent for the stores Broadway at 78th St. and Broadway and 99th St. The checks in the future will be sent promptly as formerly."

Assuming that the acts and engagements of the promoters are binding upon the corporation subsequently formed, I am nevertheless of the opinion that no assumption of the lease was shown. The promise to pay the rent was absolutely without consideration. Though originally the consent of the landlord was necessary to make a valid assignment of the lease, the bankruptcy of the tenant and assignment by operation of law to the defendant destroyed this requirement, and passed good title to the purchaser from the receiver, irrespective of the landlord's consent. Gazlay v. Williams, 210 U. S. 41, 28 Sup. Ct. 687, 52 L. Ed. 950. No other consideration for the assumption of the lease has been shown. The lease had already been assigned. There was, accordingly, no contract made by the promoters with the plaintiff upon which the defendant could be held liable.

[3] It is claimed on behalf of the respondent that the defendant corporation, having taken over the property of its predecessor, including the leases in question, is thereby held to be bound by all the obligations which accompanied them. I think, however, that this rule applies in the case of a lease of real property only to the same extent as in a similar transaction between natural persons, namely, that the defendant is bound by privity of estate to perform all the covenants which run with the land, so long as the privity of estate continues, and its further obligation ceases with an assignment of

the lease. Section 9 of the Stock Corporation Law, which provides that upon reorganization of a corporation, upon the sale of the corporate property and franchises to a successor corporation, "such corporation shall be vested with and be entitled to exercise and enjoy all the rights, privileges, and franchises which at the time of such sale belonged to or were vested in the corporation last owning the property sold, or its receiver, and shall be subject to all the provisions, duties and liabilities *imposed by law* on that corporation," relates only to obligations imposed by law, and is not, in my opinion, broad enough to impose upon the defendant contractual obligations of its predecessor which it never assumed.

The judgment appealed from should be reversed, with costs and the complaint dismissed, with costs. All concur.