SIXTH AVE. REALTY CO. v. N. ZEILER & CO., Inc., et al.

(Supreme Court, Appellate Term, First Department. January 4, 1916.)

1. LANDLORD AND TENANT ⬅112—ASSIGNMENT—EFFECT OF.

As an assignee in possession, who has not assumed the covenants of a lease, may, by assigning the lease and going out of possession, relieve himself of all obligation to comply with the covenants or pay the rent reserved, the fact that the lessor received rent from the lessee's assignee does not relieve the lessee of the covenants of the lease, among which was one authorizing the lessor, in case of the lessee's bankruptcy, to forfeit the lease; and hence an undertenant of the assignee in possession, who had not assumed the covenants, cannot defeat summary proceedings by the lessor, the lessee having become bankrupt.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 343–349; Dec. Dig. ⬅112.]

2. LANDLORD AND TENANT ⬅112—LEASES—CONSTRUCTION.

Where a lease, authorizing the lessor to terminate it in case of the lessee's bankruptcy, provided that acceptance of rent from any assignee, subtenant, mortgagee, or successor should not relieve the lessee of his obligation, the lessor's acceptant of rent from an assignee in possession who did not assume the covenants of the lease will not bar its rights to terminate the lease on bankruptcy of the lessee.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 343–349; Dec. Dig. ⬅112.]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Summary proceedings by the Sixth Avenue Realty Company against N. Zeiler & Co., Incorporated, and Frank M. Weiss, the name "Frank" being fictitious, undertenant. From a judgment in favor of the undertenant, plaintiff appeals. Reversed and remanded.

Argued December term, 1915, before GUY, PAGE, and PHILBIN, JJ.

Max Steinert, of New York City (Ralph Wolf, of New York City, of counsel), for appellant.

Joseph Wilkenfeld, of New York City, for respondent.

PAGE, J.   The premises involved in this summary proceeding were held by N. Zeiler & Co., Incorporated, as tenant under a lease which provided that:

"If proceedings in bankruptcy shall be instituted by or against the tenant, or the tenant shall make an assignment for the benefit of creditors, it shall be lawful for the landlord to terminate this lease by three days' notice to that effect mailed to the tenant, addressed to the demised premises, and to re-enter the said premises and remove all persons and property therefrom, or to obtain possession of the premises by summary proceedings or otherwise."

It was conceded at the trial that the original tenant, N. Zeiler & Co., Incorporated, was adjudged a bankrupt after the term of the lease commenced.  It was claimed as a defense by one Weiss, sued as undertenant in possession of the premises, that the tenant, N. Zeiler & Co., Incorporated, assigned the lease to the Monroe Fur Shop, Incorporated, with the consent of the landlord, who thereafter received the rent for the Monroe Fur Shop, Incorporated, and accepted it as tenant of the premises, and that the Monroe Fur Shop, Incorporated, sublet the premises to Weiss.

[1]  There was no evidence, however, which showed that the Monroe Fur Shop, Incorporated, ever assumed the covenants of the lease, or that the landlord ever agreed to release the original tenant, N. Zeiler & Co., Incorporated.  The most which can be claimed by the defendants from the evidence is that the Monroe Fur Shop, Incorporated, was recognized and accepted by the landlord as an assignee in possession.  It is well settled that an assignee in possession, who has not assumed the covenants of the lease, is not liable upon the said covenants, and is not liable for the rent reserved therein, except while the privity of estate created by acceptance of the assignee as tenant continues.  By assigning the lease, even to a man of straw, and going out of possession, the assignee without consent of the landlord may relieve himself of all obligation to comply with the covenants of the lease and to pay the rent reserved.  78th St. & Broadway Co. v. Purssell Mfg. Co., 92 Misc. Rep. 178, 155 N. Y. Supp. 259, and cases cited.  The landlord in such case is left to pursue his remedies against the original tenant, who remains liable still upon the covenants.  For this reason the assignment of the lease and acceptance of the new tenant was not sufficient to destroy the landlord's right to terminate the lease, if the original tenant, still the party ultimately responsible, became bankrupt.

[2]  But furthermore the lease contained an express provision as follows:

"(6) The acceptance of rent by the landlord from any assignee, subtenant, mortgagee, or successor in interest of the tenant, with or without notice, shall not relieve the tenant herein from his obligation to pay the rent herein reserved."

There is no evidence that the original tenant was ever released from its obligation in any manner, and so long as that obligation remained as the landlord's ultimate security for the performance of the lease the bankruptcy of the tenant was a ground for termination of the lease pursuant to its terms.  The facts shown in defense, even if all the

evidence adduced by the undertenant were accepted as true, were insufficient in law to constitute a defense. While no exception was taken to the charge of the court to the jury, and no proper request to charge made, the case was tried and submitted to the jury on an entirely erroneous theory, and the record contains no evidence which could properly constitute a defense to the proceeding.

The judgment must therefore be reversed, and a new trial granted, with $30 costs to the appellant to abide the event.