## BASKIN v. THOMAS.

(Court of Appeals of District of Columbia.
Submitted April 7, 1926. Decided
May 3, 1926.)

No. 4394.

1. **Landlord and tenant** ⬅⟩194(2)—**Landlord's repainting of apartment, abandoned by tenant after refusal to accept surrender of lease, held not to show an acceptance thereof.**

That landlord, after refusing to accept surrender of lease, and after tenant's abandonment of apartment and delivery of keys to janitor, had apartment repainted and repapered and sought another tenant, is not enough to show acceptance of surrender of lease.

2. **Landlord and tenant** ⬅⟩195(2)—**Landlord's re-entry and reletting premises wrongfully abandoned, when accompanied by notice of refusal to accept surrender, do not discharge tenant.**

Landlord, on tenant's wrongful abandonment, may re-enter and relet premises, and such acts, when accompanied by notice of refusal to accept surrender, do not effect discharge of tenant.

In Error to Municipal Court of District of Columbia.

Action by Bella Baskin against Jesse Thomas.. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

Joseph Law, of Washington, D. C., for plaintiff in error.

J. L. Krupsaw, of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. The plaintiff in error brought suit in the municipal court against the defendant in error, claiming judgment for rent alleged to be due for an apartment theretofore leased by plaintiff to defendant by a written lease. The defense was that the defendant had surrendered the apartment to the plaintiff at a time prior to that sued for, and that the plaintiff had then accepted the surrender thereof. This was denied by the plaintiff. A claim of fraud in the making of the lease was made in defendant's affidavit of defense, but no evidence was submitted in support thereof.

The issue was tried to the court, the lease and the nonpayment of rent being undisputed; but the court found that the evidence showed an acceptance of surrender by the plaintiff, and gave judgment for the defendant.

[1] The record discloses that the defendant decided to vacate the apartment before the termination of the lease, and notified the plaintiff in writing to that effect. The plaintiff, immediately upon receipt of the notice, sent to the defendant a written refusal to accept a surrender of the lease. The latter, nevertheless, vacated the premises, and gave the keys to the janitor. After the apartment was vacated, the plaintiff caused it to be repainted and repapered, and sought for another tenant for it; but the evidence does not disclose that a tenant was found during the time herein sued for.

This evidence does not tend to establish the defendant's claim that the plaintiff accepted a surrender of the lease. It does not appear that the janitor had any authority to accept such a surrender when the keys were handed to him. And the entry of the plaintiff upon the premises for the purpose of refitting it, and the plaintiff's effort to secure another tenant without waiting for the expiration of the defendant's lease, do not serve to release the defendant from the obligations of the lease.

[2] For a landlord, upon a wrongful abandonment by his tenant, may re-enter upon the premises and relet the same, and these acts, when accompanied by notice to the ten-

ant of the landlord's refusal to accept a surrender, do not have the effect of avoiding the lease and discharging the tenant's obligation to pay rent. Slayton v. Jordan, 42 App. D. C. 421.

There are some authorities to the effect that a re-entry and reletting of abandoned premises by the landlord without the consent of the tenant would create a surrender, by operation of law. * * * The best approved cases, however, assert the contrary doctrine, and hold that, where a tenant repudiates the lease and abandons the demised premises, and the lessor enters and relets the property, such re-renting does not relieve the tenant from the payment of the rent under the covenants of the lease. Oldewurtel v. Wiesenfeld, 97 Md. 165, 176, 54 A. 969, 970.

But the landlord, by taking possession, repairing, and advertising the house to let cannot be regarded as accepting the surrender of the tenant's terms. Such acts are equally as referable to the interest and benefit of the tenant, and do not discharge him from his covenant to pay rent. Wood, Landlord & Tenant, vol. 2, p. 1171.

The quitting of the premises occupied by a tenant during the term, and sending the key to the landlord, who proceeds to repair and use the house, does not discharge the tenant from his liability to pay rent, unless the landlord consents to acquit the rent. Livermore v. Eddy, 33 Mo. 547.

We are of the opinion, accordingly, that the judgment of the municipal court was erroneous. It is therefore reversed, at the cost of the defendant in error, and the cause is remanded for further proceedings not inconsistent herewith.