ANNA C. LYNCH and Another, Appellants, v. PERCY A. JOSEPH, Respondent.

Fourth Department, March 5, 1930.

*Walter J. Welch,* for the appellants.

*Max L. Stolz,* for the respondent.

SEARS, P. J. In February, 1925, the plaintiffs, by written instrument, leased certain premises in the city of Syracuse to a corporation named the C. H. Wood Company for a term of five years beginning May 1, 1925, at a monthly rental of $300, payable in advance on the first day of each month. In 1927 the property of the C. H. Wood Company, including its interest in the lease, was in the hands of a receiver appointed by the United States District Court for the Northern District of New York, and on the 30th day of November, 1927, the receiver of the C. H. Wood Company, under authority from the court, assigned to the defendant all the right, title and interest of the C. H. Wood Company in such lease. The defendant thereupon entered into possession of the leased premises and paid the rent which fell due on the 1st days of December, 1927, and Janaury, 1928. In this action, the plaintiffs seek to recover from the defendant the rent which, by the terms of the lease, became due on the 1st day of February, 1928.

It is the defendant's contention that he was not obligated to pay the February rent because on the thirty-first day of January he assigned the lease to Joseph Leibel and wholly vacated the leased premises. The learned trial court, at the close of the evidence, directed a verdict in favor of the defendant on the theory that the defendant's defense was established as matter of law.

The evidence shows that the defendant, a resident of the city of New York, engaged in the business of buying and selling bankrupt stocks and merchandise, purchased the property of the C. H. Wood Company, including the lease from its receiver, at public auction in November, 1927. During the months of December, 1927, and January, 1928, while the defendant was in possession of the premises, he was engaged in selling such of the personal property on the premises as he could and packing up the rest for shipment to New York. During the last few days in January the defendant was personally in New York city and the work in Syracuse was intrusted by him to Joseph Leibel, an employee. Leibel finished clearing the premises of the goods on the thirty-first day of January, and remained in Syracuse until the first day of February, when he left for New York city. From the thirty-first day of January up to the date of the trial he had not been upon the premises. Before the end of January, Leibel talked with one of the plaintiffs and offered on behalf of the defendant to surrender the premises. The surrender was declined, but Leibel was then told that the owners of the property would like to have the keys left at a neighbor's so that entrance to the premises under the term of the lease could be effected in case of fire or other emergency. On the thirty-first of January, Leibel put the keys, properly tagged, in a mail chute on the neighbor's premises. On the same day the defendant's brother, a lawyer having his office in New York city, drafted an assignment of the lease from the defendant to Joseph Leibel. This instrument was subscribed by the defendant in his brother's office, and was there acknowledged before a notary public. No proof was offered as to what was done with the paper after it was signed and acknowledged. There was no proof of acceptance of the assignment by Leibel. The assignment was produced upon the trial by the defendant and received in evidence.

The defendant, by accepting the assignment from the receiver, did not assume the obligations of the lease. As assignee there was no privity of contract between him and the plaintiffs, the landlords. His obligation for the rent reserved by the lease rested merely on privity of estate. (*Mann* v. *Munch Brewery*, 225 N. Y. 189; *Walton* v. *Stafford*, 14 App. Div. 310; *Gillette Bros.* v. *Aristocrat Restaurant*, 239 N. Y. 87, 90.) This privity of estate was not terminable by an abandonment of the premises, but was terminable by the surrender of the premises with the consent of the lessors, or by his assignment of the lease to a third party. (*Seventy-eighth St. & B'way Co.* v. *Purssell Mfg. Co.*, 166 App. Div. 684; *Walton* v. *Stafford, supra; Mann* v. *Munch Brewery, supra; Frank* v. *N. Y.,*

*L. E. & W. R. R. Co.*, 122 N. Y. 197, 221.) The landlords refused to consent to a surrender, and the defendant relies upon proof of an assignment. To make the assignment effective, it was not necessary that the assignee should go into actual possession of the premises (*Seventy-eighth St. & B'way Co.* v. *Purssell Mfg. Co., supra; Tate* v. *Neary*, 52 App. Div. 78) but a delivery and acceptance of the assignment was, of course, essential. In our opinion the evidence fails to establish as matter of law that the written assignment from the defendant to Leibel, dated January thirty-first, was in fact on that day delivered by the assignor or accepted by the assignee, Leibel. Though both the defendant and Leibel were witnesses on the trial, the record is silent on this crucial point. The lease could not have been delivered to Leibel on that day as he was not then in New York city. There is no suggestion that it was delivered to any other person for him. There is no proof that Leibel ever exercised any right under the assignment, or conducted himself as in any way bound by any obligation resulting therefrom. We reach the conclusion, therefore, that the court was in error in directing a verdict for the defendant.

We must notice another contention of the plaintiffs because, if it is sound, the plaintiffs were entitled on the record to judgment in their favor. The plaintiffs claim that under the terms of the lease the defendant was unable to make an effective assignment without plaintiffs' consent. This contention is based upon two paragraphs of the lease, the material parts of which are as follows: " The party of the second part [the lessee] hereby agrees not to assign this Lease or sublet said premises or any portion thereof without the written consent of said parties of the first part [the lessors] * * *

" It is further agreed and understood that in case said first parties consent, suffer or permit the doing by said second party of any act or omission which might alter, change or modify any of the covenants or provisions of this agreement, such consent whether express or implied shall not be deemed to and shall not be a waiver of such or of any of the covenants or provisions of this agreement except for that instance alone, and shall not be construed to and shall not authorize said second party to make any further violation thereof."

Originally, as the plaintiffs recognize, a covenant against assignment once waived by a consent of the landlord to one assignment cannot be used to defeat subsequent assignments. (*Murray* v. *Harway*, 56 N. Y. 337; *Conger* v. *Duryee*, 90 id. 594; *Gillette Bros.* v. *Aristocrat Restaurant, supra*.) The plaintiffs, however, rely on the last quoted paragraph of the lease to obviate this rule. It is

to be noted that both quoted paragraphs are limited to prohibiting acts by the party of the second part, that is, by the lessee itself, the C. H. Wood Company. Nowhere does the language of the lease include a prohibition against the assigns of the C. H. Wood Company. In fact, nowhere in the lease are assigns of either lessors or lessee mentioned. Such covenants in a lease are strictly construed against the lessors. (*Francis* v. *Ferguson*, 246 N. Y. 516; *Riggs* v. *Pursell*, 66 id. 193.) In our opinion, the covenant against assignments in this case does not run with the land in view of the absence of any " very special " language binding the assigns of the lessees. (*Seers* v. *Hind*, 1 Ves. Jr. 294; *Lynde* v. *Hough*, 27 Barb. 415.)

We are not required by this record to pass upon the questions as to whether such a covenant could by appropriate language be made to run with the land (See *Dumpor's Case*, 4 Coke, 119-b; Cro. Eliz. 815; 23 Harv. L. Rev. 630), or whether, if so, the landlord's right could be asserted to defeat the assignment without demanding a forfeiture of the term. (See *Johnston* v. *Flickinger*, 97 Misc. 169, 176; affd., 183 App. Div. 887.)

The judgment and order should be reversed and a new trial granted, with costs to the plaintiffs to abide the event.

All concur. Present — SEARS, P. J., CROUCH, EDGCOMB, THOMPSON and CROSBY, JJ.

Judgment and order reversed on the facts and a new trial granted, with costs to the appellants to abide the event.