BRADBURY HOMES CORPORATION, Plaintiff, *v.* JOHN'S DOUGHNUT SHOPS, INC., Defendant.

City Court of New York, Kings County, March 27, 1934.

*Irving Steinman,* for the plaintiff.

*Abraham Beier,* for the defendant.

Russell, J. The first cause of action pleaded is for unpaid rentals on a lease to the amount of $700, with interest from April 1, 1933. The answer admits the execution of the lease, and the answering affidavit denies any assumption of the lease by his assignee defendant, yet the answer admits paragraph 6 of the complaint as to the assignee's receipt by due assignment of all the original tenant's interest in the lease for the unexpired term thereof and subject to all its terms and conditions. It also admits paragraph 8 of the complaint that pursuant to said assignment defendant entered into possession of the premises and so continued until on or about January 19, 1933. The answering affidavit alleges a surrender of the premises on such date consented to by the plaintiff, but the facts fail to bear out any such contention. The present defendant is a corporation, which is the assignee of the lease from one John Tychinsky, who carried on a like business at said place up to the time of assignment. The corporate title of "John's Doughnut Shops, Inc.," refers apparently to the first name of said John Tychinsky. In a prior action against the individual for like relief in his answer he admitted in paragraph 5 rentals unpaid for the very period set out in the present complaint. Neither in that answer nor in the present one is there any reference to or defense of surrender and acceptance and it seems plainly to be a mere afterthought in a desire to frustrate the present motion. Further, in his affidavit opposing summary judgment in the individual action, John Tychinsky admits rent due and unpaid for the period in question and fails to refer to the alleged surrender on consent.

Defendant claims that after an abandonment by an assignee of an unexpired term of a lease the assignee's liability ceases. The law appears otherwise. In *Lynch* v. *Joseph* (228 App. Div. 367, at p. 369) it is tersely stated: "The defendant, by accepting the

assignment from the receiver, did not assume the obligations of the lease. As assignee there was no privity of contract between him and the plaintiffs, the landlords. His obligation for the rent reserved by the lease rested merely on privity of estate. (*Mann* v. *Munch Brewery*, 225 N. Y. 189; *Walton* v. *Stafford*, 14 App. Div. 310; *Gillette Bros.* v. *Aristocrat Restaurant*, 239 N. Y. 87, 90.) This privity of estate was not terminable by an abandonment of the premises, but was terminable by the surrender of the premises with the consent of the lessors, or by his assignment of the lease to a third party. (*Seventy-eighth St. & Broadway Co.* v. *Purssell Mfg. Co.*, 166 App. Div. 684; *Walton* v. *Stafford, supra; Mann* v. *Munch Brewery, supra; Frank* v. *N. Y., L. E. & W. R. R. Co.*, 122 N. Y. 197, 221.) ''

The defendant alleges an oral reduction of rent in his instant affidavit from $175 as claimed in the complaint to $150, alleging such sum being paid at the time of abandonment. However, in his affidavit in the former action he makes a like allegation in the sum of $125. In any event his defense is unavailable. In *McKenzie* v. *Harrison* (120 N. Y. 260, at p. 263) the court said: '' We shall not question the rule that a contract or covenant under seal cannot be modified by a parol unexecuted contract. (*Coe* v. *Hobby*, 7 Hun, 157; 72 N. Y. 141; *Smith* v. *Kerr*, 33 Hun, 567–571; 108 N. Y. 31.) Neither shall we question the views of the court below to the effect that the alleged oral agreement in this case to reduce the rent $1,000 per year was void and inoperative in so far as it remained unexecuted. The lessors had the right to repudiate it at any time and demand the full amount of rent provided for by the lease; but in so far as the oral agreement had become executed, as to the payments which had fallen due and had been paid and accepted in full as per the oral agreement, we think the rule has no application.'' Defendant alleges that a deposit of $160 should have been applied to the unpaid rent. The agreement of lease in section 19 alleges the deposit as being security for the full and faithful performance of all of the terms and conditions of the lease, not simply as and for a deposit to be applied upon unpaid rent.

Inasmuch as a summary judgment cannot be decreed as to the second cause of action which relates to matters embodied in the lease as to duties imposed thereby upon the tenant in which the claimed damages are in excess of the deposit, the disposition of such security should await the trial of this issue. Partial summary judgment for the relief demanded in the first cause of action is granted in the sum of $700, with interest from April 1, 1933, with costs, and the action directed to be severed as to the remaining causes to await the trial thereof. Submit order.