DIATZ et al. v. WASHINGTON TECHNICAL SCHOOL, Inc., et al.

No. 902.

Municipal Court of Appeals for the District of Columbia.

June 2, 1950.

Howard Vogel, Washington, D. C., for appellants.

Stanley H. Kamerow and Allan L. Kamerow, Washington, D. C., for appellees.

Before HOOD and CLAGETT, Associate Judges, and BARSE, Chief Judge, the Municipal Court for the District of Columbia, sitting by designation.

HOOD, Associate Judge.

Appellee has moved for a rehearing. His principal point is based on the contention that when he abandoned the premises and appellants took possession and relet, the privity of estate existing between them and him was terminated, and that without privity of estate there was no obligation on his part to pay rent. For this contention he relies on Lincoln Fireproof Warehouse Co. v. Greusel, 199 Wis. 428, 224 N.W. 98, opinion adhered to, 199 Wis. 437, 227 N.W. 6, 70 A.L.R. 1096. That authority lends support to appellee's contention, but in our opinion it is contrary to the law of this jurisdiction.

It is well settled here that an entry and reletting by a landlord does not in and of itself amount to a surrender by operation of law. Whether it does or does not depends upon whether resumption of possession by the landlord is to the exclusion of the tenant with intent to release him from liability. In the present case, after appellee had abandoned possession he refused to deliver the key to appellants unless they would give him a release from liability. He was told he would be released only to the extent of the rent that would be obtained from a future tenant. He was given no release and he did not surrender the key. When a lessor refuses to release a tenant and notifies him that he looks to him for payment of rent the tenant remains liable. Baskin v. Thomas, 56 App. D.C. 310, 12 F.2d 845; Slayton v. Jordan, 42 App.D.C. 421.

This principle does not change and the result is not different because the relationship is that of lessor and assignee. The abandonment or surrender by the assignee without consent of the lessor does not relieve the assignee of liability for rent due for the remainder of the term. Seventy-Eighth St. & Broadway Co. v. Purssell Mfg. Co., 166 App.Div. 684, 152 N.Y.S. 52; Bradbury Homes Corp. v. John's Doughnut Shop, 151 Misc. 507, 270 N.Y.S. 592; McLaughlin v. Minnesota Loan & Trust Co., 192 Minn. 203, 255 N.W. 839.

The entry of the landlord and the reletting are regarded as done on account of the former tenant. Baskin v. Thomas, supra; Slayton v. Jordan, supra; Tiffany, Landlord and Tenant, § 182, page 1171. Consequently the privity of estate is not terminated. Underhill v. Collins, 132 N.Y. 269, 30 N.E. 576; Kottler v. New York Bargain House, 242 N.Y. 28, 150 N.E. 591. In our prior opinion we cited Tyler Commercial College v. Stapleton, 33 Okl. 305, 125 P. 443, 42 L.R.A.,N.S., 162, Ann.Cas. 1916E, 837, where under facts similar to those in the present case the lessor was allowed to recover. We adhere to our former opinion. We have written at some length because the question raised and the authority cited were not presented until the filing of this motion.

With respect to the other points raised by the motion, it is sufficient to say we do not agree with them.

Motion for rehearing denied.