■ JOHN A. ROMAS, Respondent, v. PETE ADREGNA, Defendant, and ALBERT C. FORGENSI, Appellant.— Appeal from a judgment entered upon a decision rendered after trial in County Court, Chemung County. Plaintiff

Romas leased a restaurant in Elmira to defendant Adregna for a five-year term commencing October 1, 1953. On December 4, 1953 Adregna assigned in writing all his right, title and interest in the lease to defendant Forgensi "for and during the remainder of the term mentioned in said lease". On the date of the assignment Forgensi filed a certificate of conducting business under an assumed name at the restaurant and thereafter went into possession. He paid, or there was paid on account of his occupancy, the rent called for by the lease through February, 1956, with the exception of $50. Plaintiff has had recovery for the balance of the February rent and the rent from March to October, 1956. In January, 1956 Forgensi notified plaintiff that he was giving up occupancy of the premises and by March 30 all fixtures were removed therefrom. Plaintiff did not consent to the termination of assignee's responsibility under the assignment. The main issue of law presented on appeal from the judgment for rent is whether the assignee of a lease may terminate his obligation by surrender of the premises alone without consent of the lessor; or whether he must assign the lease to escape further liability on the lease. We think the weight of authority sustains the proposition that the surrender without the assignment is not enough. In *Seventy-eighth Street & Broadway Co.* v. *Pursell Mfg. Co.* (166 App. Div. 684) the rule that had long prevailed was restated that "The acceptance of the assignment creates a privity of estate between the lessor and the assignee". It was held that "it is not material that such acceptance was followed by the assignee's entering into possession of the premises." (P. 685.) The rule is, as the court noted, that the privity of estate thus created, "may be terminated by the assignment of the lease or by surrender of the premises with the consent of the lessor". (P. 686.) Judge VANN, in *Frank* v. *New York, Lake Erie & Western R. R. Co.* (122 N. Y. 197) noted that an assignee's liability may be escaped "by assigning the lease and abandoning possession". (P. 221.) See, also, *Tate* v. *McCormick* (23 Hun 218, 220) and *Dassori* v. *Zarek* (71 App. Div. 538). Judge SEARS explicitly applied the rule in *Lynch* v. *Joseph* (228 App. Div. 367, 369). The obligation of an assignee, he said, "was not terminable by an abandonment of the premises, but was terminable by the surrender of the premises with the consent of the lessors, or by his assignment of the lease to a third party". Forgensi offered to prove on the trial that there was an oral agreement between his assignor and himself that the assignment of the lease would not be effective if he did not obtain a liquor license for the premises. This proof was excluded. The written assignment contained no such condition. But even if such proof be deemed admissible, appellant has not been aggrieved by its exclusion in the context of the record. The proof is that, if any such condition existed, Forgensi waived it as far as the lessor was concerned. It is undisputed that the application for the liquor license was disapproved in March, 1954; Forgensi remained in possession many months after that; personally paid the rent to the plaintiff; and, indeed, while he continued to occupy the restaurant, discussed with the plaintiff the fact a liquor license had been refused him. Forgensi also appeals from an order denying his motion for a new trial. He contends he should now be afforded an opportunity to plead and prove as an additional defense that he had in fact reassigned the lease back to the original lessee Adregna. We see no reason why this could not have been expeditiously pleaded and tried. There was some examination by the court of Forgensi as a witness on this subject which elicited vague and equivocal answers. Judgment unanimously affirmed, with costs. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ. [See 5 A D 2d 722.]