Douglass agt. Cross.

---

# NEW YORK SUPREME COURT.

ELIZABETH M. DOUGLASS as executrix, &c., agt. NELSON CROSS and others.

*Mortgage — what language in a deed imports an assumption thereof.*

Where the consideration expressed in a deed of conveyance of land was the sum of $15,000, but the deed contained a clause in these words: "*subject, however, to the assumption as a part of the consideration,*" of the conveyance, of a mortgage upon the land:

*Held,* that the language of the deed amounted to an agreement on the part of the grantee to pay the mortgage.

*Collins* agt. *Rowe* (1 *Abb. N. C.,* 97), *distinguished.*

*Special Term, October,* 1878.

ACTION of foreclosure with claim for deficiency.

*Scott & Crowell,* for plaintiff.

*N. A. Hulbert,* for defendant, Byrne.

VAN VORST, *J.*— The defendant, Byrne, claims that he is not liable for any deficiency, which may arise, upon the sale of the mortgaged premises.

The premises were conveyed to him by Nelson Cross, the mortgagor and owner, by warranty deed dated the 27th day of March, 1877.

The consideration, expressed in the deed, is the sum of $15,000.

The premises were conveyed "subject, however, to the

Douglass agt. Cross.

assumption, as a part of the consideration " of the conveyance, of the mortgage under consideration.

The question arises, does this language amount to an agreement on the part of the grantee to pay this mortgage?

In *Collins* agt. *Rowe* (1 *Abb. New Cases* 97), this subject was considered.

To create a positive engagement, on the part of the grantee, to pay a mortgage on the premises, existing at the time of the conveyance, precise and formal words are not necessary.

The inquiry should be, what was the intention of the party fairly to be gathered from the words used?

In *Collins* agt. *Rowe*, the words considered were "subject, nevertheless, to the payment of one-eighth of a certain mortgage now on the premises." It was held that such language did not place the grantee under an engagement to pay the mortgage. The land was conveyed subject to the payment of the mortgage in question. The land and not the grantee, was so subject. But in the case under consideration the words used are quite different, and evidently import an obligation on the part of the grantee personally.

The words clearly import that the grantee, as part of the consideration of the conveyance to him, takes upon himself the burden of this mortgage; he assumes it, that means he will pay it.

In the case of *Trotter* agt. *Hughes* (12 *N. Y.*, 75), to which I am referred, the grantor was not personally holden for the mortgage, as he is in the case under consideration. That I regard as an important distinction. Besides there were no words importing an assumption of the mortgage by the grantee.

*Belmont* agt. *Coman* (22 *N. Y.*, 438) is clearly distinguishable from the case before me, in respect to the language of the *habendum* clause. There was no assumption of the mortgage by the grantee.

It is, however, argued by the defendants' counsel that it does not clearly appear upon whom this assumption rests.

Douglass agt. Cross.

I think that it rests upon the grantee who was to pay the whole consideration, of which the mortgage in question formed a part.

The grantor was already liable for the mortgage debt. He was the mortgagor and it was the intention of the parties in the transaction that the person to whom the equity of redemption was transferred should assume and pay it.

It must be held, therefore, that the defendant is personally liable for any deficiency and there must be judgment accordingly.