### In re RIDER.

(District Court, N. D. New York. October 6, 1899.)

1. BANKRUPTCY—PROOF OF CLAIMS—REVIEW OF DECISION OF REFEREE.
   On the question of allowing or disallowing a claim offered for proof against the estate of a bankrupt, the referee in bankruptcy has a large measure of discretion; and his decision on a question of fact will not be reversed by the judge, unless manifestly contrary to the weight of the evidence.

2. SAME.
   Where a claim offered for proof against the estate of a bankrupt by his father was thoroughly investigated by the referee, and allowed as valid and genuine, the judge will not expunge the proof on the application of other creditors, who contend that fraud is presumable from the relationship of the parties, and attempt to support such presumption only by certain unimportant variances in the evidence.

In Bankruptcy. On application to expunge proof of debt filed by Holmes Rider, a creditor.

Isaac S. Signor and Thomas A. Kirby, for proving creditor.
Frank J. Hone, for contesting creditors.

COXE, District Judge. Holmes Rider, the father of the bankrupt, proved a claim for $2,600.74. On motion of certain creditors the allowance of the claim was reopened and the question of its validity was carefully investigated by the referee, who finds the claim to be a valid and subsisting one. The matter is brought here upon a motion to expunge and upon exceptions to the findings of the referee, who has certified the question under general order No. 27 (89 Fed. xi.), and rule No. 23 of this court. Section 57 of the act, general order No. 21 (89 Fed. ix.), and rule No. 20 of this court, were intended to vest, and do vest, a wide discretion with the referee in the al-

lowance and disallowance of claims. This is as it should be, and the judge will not interfere with a decision of the referee upon questions of fact unless convinced that it is manifestly against the weight of evidence. The referee has the advantage of seeing the witnesses and, with the knowledge gained from the general administration of the estate and everyday contact with the parties, he is far more competent than the judge to determine these questions correctly. It would be an intolerable burden upon lawyers and laymen alike were a practice encouraged which permits an appeal to the judge whenever a dispute arises upon the facts over the amount at which a creditor's claim is allowed. In the present instance the principal accusation against the claim is based upon the relationship of father and son existing between the bankrupt and the creditor. This fact demanded closer scrutiny than is required in the case of ordinary claims and such an examination appears to have been given by the referee. He reports that he is convinced that the claim is a bona fide one and represents money actually loaned to the bankrupt. Against the positive testimony of the bankrupt and the creditor are placed certain inconsequential variances in the proof, by which it is sought to strengthen the presumption of fraud which the contesting creditors insist arises from the existing relationship. The court would not be warranted in overthrowing the referee's conclusion upon such unsubstantial grounds. It is enough that the referee after a thorough examination discovered no fraud and believes the claim to be genuine. The application to expunge is denied.