## ADAMS v. H. KOEHLER & CO.

(Supreme Court, Appellate Division, First Department. February 18, 1910.)

1. LANDLORD AND TENANT (§ 208*)—ASSIGNEE OF LEASE—OBLIGATION TO PAY RENT.

The obligation of an assignee of a lease to pay rent depends upon possession under the assigned lease, and where the assignee assigned, and is not in possession, the relation of landlord and tenant does not exist, and there is no obligation to pay; but the assignment must not be fraudulent or colorable.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 828, 829; Dec. Dig. § 208.*]

2. LANDLORD AND TENANT (§ 208*)—"COLORABLE ASSIGNMENT OF A LEASE."

"Colorable assignment of a lease" means, not an assignment to avoid liability for rent under the lease, but that, the assignor retaining possession, the assignment was made to conceal that possession.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 825; Dec. Dig. § 208.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Appellate Term.

Action by Henrietta Adams against H. Koehler & Co. From a determination of the Appellate Term (65 Misc. Rep. 192, 119 N. Y. Supp. 761), affirming a judgment in favor of plaintiff and an order denying a motion for a new trial, defendant appeals. Reversed, and new trial ordered.

See, also, 119 N. Y. Supp. 1117.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Pratt, Koehler & Russell (Alton B. Parker, of counsel, and Jerome H. Koehler and Carl Martin Abromeit, on the brief), for appellant.

Henry Kuntz, for respondent.

CLARKE, J. The action is for rent of the store and front part of the basement on the premises known as "No. 1800 Second avenue" for the months of July, August, September, and October, 1908. On January 21, 1906, Henry D. and Sigmund D. Greenwald, who were the owners in fee of the said premises and the plaintiff's assignors, executed and delivered to one Thomas Ward a lease under seal of the store and basement, to be used as a liquor saloon, for the term of five years beginning the 1st day of May, 1906. The lease was assigned to the defendant, a corporation engaged in the brewing business, nine days later, with the written consent of the landlords. The defendant assigned it to one Edward Joseph on or about the 6th day of April, 1906, lending Joseph at that time the sum of $3,000, and taking back as security an assignment of the lease and a chattel mortgage upon the fixtures. Joseph's tenancy lasted about a year and a half, when he sold his interest in the saloon to one Reinach for $1,000; the purchaser assuming the indebtedness of Joseph to the defendant company. The saloon premises changed hands twice after this; each time the successor assuming the indebtedness of the prior tenant to the defendant corporation. A part of the time during these years the premises were unoccupied, and the defendant company paid the rent at these times to protect its security.

On May 20, 1908, before the rent sued for in this action accrued, the defendant company assigned the lease to Thomas H. Fox and William J. Harmon, who had purchased the good will, stock, and fixtures in the premises from one Fehn, their predecessor in possession, paying Fehn $2,300 and assuming the indebtedness of Fehn to the defendant corporation, amounting to $3,500, giving a chattel mortgage and a mortgage upon the lease to the defendant corporation as security for the payment of this indebtedness. The assignment of the lease from the defendant to Fox and Harmon was under seal, executed and delivered, and was followed by the possession of the premises by Fox and Harmon.

It is the general rule that the obligation of an assignee of a lease to pay rent depends upon possession under the assigned lease, and if the assignee him— assigns, and is not in possession, the relation of landlord and ___ ___ es not exist, and there is no obligation to pay; and it is a ___ ___ nat this assignment must not be fraudulent or colorable. ___ ___ IcCormick, 23 Hun, 218; Durand v. Curtis, 57 N. Y. 7. T ___ ___ left the question to the jury to determine whether

the defendant was the real lessee of the property in question. The court said:

"If, as claimed by the defendant, it was not the actual lessee, that that lease was simply held by it as collateral security for loans made to the tenant, why then this defendant is entitled to a verdict at your hands; but, remember, gentlemen of the jury, this is an affirmative defense."

The defendant asked the court to charge that if the jury find that there was an assignment by Koehler & Co. on May 20, 1908, as testified to, they must bring in a verdict for the defendant. That request was declined, and that ruling is claimed to constitute reversible error. The respondent claims that the instruction requested should have been coupled with the proposition that it was a bona fide, and not a colorable, assignment. But the difficulty is that the proof is clear that Fox and Harmon actually went into possession under the assignment. Colorable assignment means, not an assignment to avoid liability for rent under the lease, but that, the assignor retaining possession, the assignment was made to conceal that possession. "A merely colorable or fictitious assignment of a lease, which does not accomplish an actual transfer of the interest of the assignor in the demised premises, but leaves him in the rightful possession and enjoyment thereof, is a nullity." Tate v. McCormick, supra.

Upon this record, we are of the opinion that the proof made of the delivering of the assignment under seal and the possession of the premises by Fox and Harmon relieved the defendant of any obligation for the payment of rent, that the defendant was entitled to the charge requested, and that the verdict was contrary to law.

The determination of the Appellate Term, and the judgment and order appealed from, should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.