SARAH R. MANN, Appellant, v. FERDINAND MUNCH BREWERY, Respondent.

Landlord and tenant — person other than lessee in possession of leasehold premises — presumption and evidence that such person is in possession as assignee — when estopped from denying assignment — annulment of lease by warrant removing tenant — when effect thereof abrogated by agreement of parties.

1. Where a person other than the lessee is shown to be in possession of leasehold premises the law presumes that the lease has been assigned to him and that the assignment was sufficient to transfer the term and to satisfy the Statute of Frauds. So also payment of rent by the occupant to the plaintiff when the occupant has been let into possession by the original lessee is prima facie evidence of the assignment of the term, and a person in possession who holds himself out to the landlord as assignee is estopped from denying the assignment or objecting that the assignment was not in writing.

2. Usually the issuing of a warrant for the removal of a tenant from demised premises cancels the agreement for the use of the prem-

ises and annuls the relation of landlord and tenant. (Code Civ. Pro. § 2253.) The parties may, however, as they did in this case, agree to the contrary and render the lessee liable to the end of the term although out' of possession, and an assignee may also contract that he will remain liable after possession has terminated and for the period of the lease.

3. In this case there is evidence justifying the finding that the defendant expressly agreed and undertook to carry out the terms of the lease in question. By such assumption it took upon itself the obligation of the lessee to continue liable for the payment of the rent after the abandonment of the premises or after a final order in summary proceedings, and it is a fair inference from the facts that the assumption was in consideration of the assignment and consent thereto by the landlord.

*Mann* v. *Munch Brewery*, 173 App. Div. 746, reversed.

(Submitted December 4, 1918; decided January 7, 1919.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered July 10, 1916, reversing a judgment in favor of plaintiff entered upon a verdict directed by the court and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Leon Sanders* and *Jacob Zelenko* for appellant. Privity of contract between plaintiff's assignor and defendant was conclusively established. (McAdam on Landl. & Ten. [4th ed.] 889, § 247; *Mayer* v. *Wylie*, 43 Hun, 547; 122 N. Y. 663; *Frank* v. *N. Y., etc., R. R. Co.*, 122 N. Y. 197; *Dassori* v. *Yarek*, 71 App. Div. 538; *Zinwell* v. *Ilkowitz*, 83 Misc. Rep. 42; *Steward* v. *Long Island R. R. Co.*, 102 N. Y. 601.) The condition of the lease continuing liability for the payment of rent survives dispossession. (*Michaels* v. *Furst*, 169 N. Y. 381; *McReady* v. *Lindenborn*, 172 N. Y. 400; *Baylies* v. *Ingram*, 84 App. Div. 360; 181 N. Y. 518; *Slater* v. *Von Chorus*, 120

App. Div. 16; *Chamberlain* v. *Parker*, 45 N. Y. 569; *Delavallette* v. *Wendt*, 75 N. Y. 579; *Dickinson* v. *Hart*, 142 N. Y. 183.) Assuming for the sake of argument that the liability of defendant arose out of privity of estate only, it is nevertheless well settled that the dispossession of defendant did not terminate its liability for damages for breach of the covenant to pay rent. (*Paddell* v. *James*, 84 Misc. Rep. 212; *Astor* v. *Lamoreux*, 4 Sandf. 524; *Frank* v. *N. Y., etc., R. Co.*, 122 N. Y. 197; *Steward* v. *Long Island R. R. Co.*, 102 N. Y. 601; *Dassori* v. *Yarek*, 71 App. Div. 538; *Tate* v. *Neary*, 52 App. Div. 78; *Paddell* v. *Janes*, 84 Misc. Rep. 212; *Zinwell* v. *Ilkowitz*, 83 Misc. Rep. 42; *Solomon* v. *Gleichenhaus*, 131 N. Y. Supp. 599; *Boreel* v. *Lawton*, 90 N. Y. 293.)

*Victor E. Whitlock* for respondent. In so far as defendant's liability as assignee is claimed to rest on privity of estate, this liability ceased after the lease was terminated by dispossess proceedings and the premises surrendered to the landlord. (*78th St. & Broadway Co.* v. *Purcell Mfg. Co.*, 152 N. Y. Supp. 52; *Frank* v. *N. Y., etc., R. R. Co.*, 122 N. Y. 197; *Dassori* v. *Zarek*, 71 App. Div. 538.) The clause in the lease purporting to continue the liability for rent of an assignee of the lease after dispossess proceedings was not binding upon the defendant whose tenancy by privity of estate was then extinguished. (*Paddell* v. *Janes*, 84 Misc. Rep. 221; *Baylies* v. *Ingram*, 84 App. Div. 360; 181 N. Y. 518; *Michaels* v. *Fishel*, 169 N. Y. 385; *McCready* v. *Lindenborn*, 172 N. Y. 400; *Slater* v. *Von Chorus*, 120 App. Div. 16; *Century Holding Co.* v. *Ebling Brewing Co.*, 162 N. Y. Supp. 1061, 1065; *Dassori* v. *Zarek*, 71 App. Div. 538; *Adams* v. *Koehler*, 136 App. Div. 623.) In so far as defendant's liability is rested upon privity of contract, the evidence does not establish a valid contract binding the defendant to the obligations of the lease. (*Dassori* v. *Zarek*, 71 App.

Div. 538; *Trotter* v. *Hughes*, 12 N. Y. 74; *Stebbins* v. *Hall*, 29 Barb. 524.)

CRANE, J.   This appeal brings up for review the rights of a lessor to recover from an assignee rent due under a lease accruing after dispossession.   On the 1st day of February, 1910, Max Mann leased to Sarah Fish the premises 274 Broome street, Manhattan borough, New York city, for the term of five years and two months, beginning the 1st day of March of the same year.   The term, therefore, expired May 1st, 1915.   The leased property was a corner store and basement used as a saloon.   Sarah Fish remained in the property until November, 1910, when the defendant, Ferdinand Munch Brewery, took possession and held it until dispossessed in August of 1913.   The brewery paid the rent according to the lease from November, 1910, until and including August of 1913.   This action is brought to recover the rent falling due each month from September, 1913, up to and including April, 1914.   As stated, during this period the brewery was out of possession.

The action is based upon certain covenants in the lease hereafter mentioned, and which, it is claimed, were binding upon the defendant as assignee.   The one question submitted to the jury is now immaterial as it only related to the lessor's authorization by the defendant to rent the premises in order to reduce the damage.   Upon the questions here involved both sides moved for a direction of a verdict which was given in favor of the plaintiff, an assignee of the lessor.   The Appellate Division having reversed the judgment, the plaintiff comes to this court under a stipulation for judgment absolute in case this appeal is decided against her.   The reversal by the Appellate Division was solely upon questions of law as there is no statement in the order that the facts as found were not approved.

In order to recover the plaintiff was obliged to prove that the Ferdinand Munch Brewery was an assignee of the lease and also had assumed the covenants contained therein.

Upon the first point there was ample evidence to establish the conclusion of the trial judge that the brewery was in possession as assignee. Where a person other than the lessee is shown to be in possession of leasehold premises the law presumes that the lease has been assigned to him. It further presumes that the assignment was sufficient to transfer the term and to satisfy the Statute of Frauds. (*Frank* v. *New York, Lake Erie & Western Railroad Company,* 122 N. Y. 197.)

Payment of rent by the defendant to the plaintiff when the defendant has been let into possession by the original lessee is *prima facie* evidence of the assignment of the whole term. (*Bedford* v. *Terhune,* 30 N. Y. 453, 459.) A person in possession who holds himself out to the landlord as assignee is estopped from denying the assignment or objecting that the assignment was not in writing. (*Carter* v. *Hammett,* 18 Barb. 608.)

To aid the plaintiff there was evidence of an assignment other than this presumption of law. On the 15th day of February, 1910, the lessor had given his written consent to the assignment of the lease to the Ferdinand Munch Brewery as collateral security, and on November 30th, 1910, he wrote a letter to the brewing company beginning with this statement:

" You have the assignment of the lease of my store No. 274 Broome Street, and you are in possession." He asked about the payment of the rent.

The defendant does not deny this statement in the reply sent the next day, but promises to pay the rent each month thereafter. This might very properly be considered an admission that the brewery had an assignment of the lease of the store at 274 Broome street. With

13

the presumption that accompanies possession and this evidence we think there was ample proof of the assignment of the lease to the Ferdinand Munch Brewery.

Upon the second point of the plaintiff's case it is necessary to refer to that covenant in the lease which it is claimed the defendant assumed and thereby bound itself to pay the rent reserved to the end of the term. Sarah Fish, the lessee, made the following agreement:

" If the tenant is dispossessed by the issuance of service of any warrant or final order in summary proceedings, or if he abandon the premises, he shall nevertheless continue liable for the payment of the rent and the performance of all of the other conditions herein contained. The tenant shall not be relieved from liability for payment of rent, by any assignment which may be made of this lease, whether with or without the consent of the Landlord, but each and every assignee and assignor of this lease shall continue to remain liable for the payment of the rent and the performance of all the covenants and conditions herein contained until the expiration of the entire term thereof."

As to her, such an agreement was legal and survived her eviction in summary proceedings by the lessor. Usually the issuing of a warrant for the removal of a tenant from demised premises cancels the agreement for the use of the premises and annuls the relation of landlord and tenant. (Code of Civil Procedure, section 2253.) The parties may, however, as they did in this case, agree to the contrary and render the lessee liable to the end of the term although out of possession. (*Baylies* v. *Ingram*, 84 App. Div. 360; affd., 181 N. Y. 518; *Michaels* v. *Fishel*, 169 N. Y. 381; *McCready* v. *Lindenborn*, 172 N. Y. 400.)

An assignee may also contract that he will remain liable after possession has terminated and for the period of the lease. (*Port* v. *Jackson*, 17 Johns. 239.) We do

not say that the Ferdinand Munch Brewery by accepting the assignment and nothing more would be bound by the covenant and agreement of the lease above quoted. The rule is that the liability of an assignee grows out of the privity of estate and that only. It ceases when that privity ceases to exist and each successive assignee is liable only for such breaches of covenant as occur while there is privity of estate between him and the lessor. The covenant to pay rent runs with the land. (*Bedford* v. *Terhune,* 30 N. Y. 453; *Stewart* v. *L. I. R. R. Co.,* 102 N. Y. 601; *Consolidated Coal Co.* v. *Peers,* 166 Ill. 361; *Donaldson* v. *Strong,* 195 Mass. 429; *Tate* v. *Neary,* 52 App. Div. 78; *Stone* v. *Auerbach,* 133 App. Div. 75.) When the privity of estate is broken by re-assignment of the lease or surrender of possession the liability of the assignee on the covenants is at an end. (*Frank* v. *New York, Lake Erie & Western Railroad Company, supra; Durand* v. *Curtis,* 57 N. Y. 7.) The assignee is only bound by the covenants so long as he retains possession. (*Astor* v. *L'Amoreux,* 4 Sandf. 524; *Dassori* v. *Zarek,* 71 App. Div. 538; *Adams* v. *Koehler & Co.,* 136 App. Div. 623; *Tate* v. *McCormick,* 23 Hun, 218; *Paul* v. *Nurse,* 8 B. & C. K. B. 486; *Burnett* v. *Lynch,* 5 B. & C. K. B. 589, 602.)

This case, however, goes much further, for there is evidence justifying the finding that the brewery expressly agreed and undertook to carry out the terms of the lease as expressed and contained therein.

After it had entered into possession, the owner wrote the letter of November 30th, above referred to, asking to whom he should look for payment of the rent under the lease in the future. The defendant stated in writing that a check had already been sent for the rent for the past month and used these words: " We will send you a check for the rent on each Monday of the month and *assume the lease.*" To assume the lease meant to assume

all of it and not such part only as might please the assignee according to subsequent events.

The definition of the word " assume " in matters of law is " to take upon one's self," or the agreement of the transferee of property to pay the obligations of the transferer which are chargeable on it. (*Springer* v. *De Wolf*, 194 Ill. 218.) In *Schley* v. *Fryer* (100 N. Y. 71, 74) it was said:

" The defendant claims that the word ' assumes ' is not broad enough to impose a personal liability upon him to pay the mortgage in question  *  ·  *    *    Unless that word was used to impose a personal liability upon the defendant to pay, it was wholly unnecessary and serves no purpose and adds nothing to the force of the language used.    *    *    *    That word is frequently used in deeds to impose a liability to pay upon the grantee, and we believe it is generally understood among conveyancers to impose such liability." (See, also, *People ex rel. White* v. *Loomis*, 27 Hun, 328; *Douglass* v. *Cross*, 56 How. Pr. 330.)

The defendant by assuming the lease, took upon itself the obligation of the lessee to continue liable for the payment of the rent after the abandonment of the premises or the final order in summary proceedings.

The lease also contained a provision that it should not be assigned without the consent of the lessor. This consent was expressly given in writing in February of 1910 as above stated. But it could also be implied from the acts and correspondence of the parties. After the interchange of the letters above referred to, the defendant remained in possession for three years, paying rent to the owner. Under these circumstances, there was sufficient consideration for the assumption of liability by the assignee.

If the conveyance of the lessee's interest to which the lessor consented, recites that the lessee, in considera-

tion of the assumption by the assignee of all the obligations of the lessee arising out of the lease, has assigned the leasehold to the assignee then there is privity of contract between the lessor and the assignee, which the latter cannot terminate by assigning the lease and surrendering possession. (*Springer* v. *De Wolf*, 194 Ill. 218.)

Here we have an assignment of the lease, consent by the lessor to the assignment, a covenant of continuing liability on the part of the lessee and an assumption of this covenant by the assignee. It is a fair inference from these facts that the assumption was in consideration of the assignment and consent.

The order of the Appellate Division must be reversed and the judgment of the trial court in favor of the plaintiff affirmed, with costs in this court and in the Appellate Division.

HISCOCK, Ch. J., CHASE, COLLIN, CUDDEBACK and HOGAN, JJ., concur; McLAUGHLIN, J., not sitting.

Judgment reversed, etc.