GILLETTE BROS., INC., Respondent, *v.* THE ARISTOCRAT
RESTAURANT, INC., Appellant.

First Department, May 16, 1924.

Landlord and tenant — action by assignee of lessee against sublessee for
rent — lease assigned to plaintiff contained provision authorizing land-
lord to cancel if proceedings in bankruptcy were instituted against
tenant — lessor had right under such provision to cancel on commence-
ment of bankruptcy proceedings against plaintiff — cancellation ter-
minated sublessee's obligations and it is not liable for rent after vacat¹ng
premises under notice of cancellation,

An assignee of a lease, which contains a provision that in case bankruptcy pro-
ceedings are instituted against the tenant, the landlord shall have the right to
cancel the lease, becomes subject to the provision relating to cancellation.

Accordingly, where a petition in involuntary bankruptcy is filed against the
assignee, the landlord has the right to cancel the lease, and where it does so
by service of due notice upon the assignee and upon its sublessee, the assignee's
rights under the lease terminate and the sublessee who vacates the premises
pursuant to the notice is relieved of all obligations under its lease and is not
liable for rent of the premises after the termination of the lease by the landlord.

The plaintiff, the assignee of the lease, who paid the rent thereunder and in this
action to recover rent from the sublessee rests squarely on the sufficiency and
validity of the assignment, cannot contend that the landlord did not become
empowered to cancel the lease pursuant to its terms on a petition in bankruptcy
being filed against the plaintiff.

APPEAL by the defendant, The Aristocrat Restaurant, Inc., from
a judgment of the Supreme Court in favor of the plaintiff, entered
in the office of the clerk of the county of New York on the 16th
day of May, 1923, upon the decision of the court rendered after
a trial at the New York Trial Term, a jury having been waived.

*Seligsberg & Lewis* [*Clarence M. Lewis* of counsel; *Donald Marks*
with him on the brief], for the appellant.

*Diamond, Abrahams & Strauss* [*Jerome A. Strauss* of counsel],
for the respondent.

MARTIN, J.:

The plaintiff, Gillette Bros., Inc., sued to recover rent for eight
months from September, 1921, to and including April, 1922, on a
lease made by it to the defendant, The Aristocrat Restaurant, Inc.
In the pleadings and upon the trial the existence of the lease was
admitted, and it was also admitted that the rent for the months
sued for had not been paid. The record consists of concessions
and documentary evidence. No exceptions were taken to any
finding of fact.

Plaintiff's interest in the premises is under a lease by Schulte

Realty Company, made to Maurice Gillette and Charles Gillette, copartners, of which lease plaintiff asserts it is the assignee. It contains the following clause:

"*4th*. That if the said premises, or any part thereof, become vacant during the said term, or if the tenant shall fail to comply with any of the terms, covenants or conditions of this lease or if proceedings in bankruptcy shall be instituted by or against the tenant, or the tenant shall make an assignment for the benefit of creditors, or if an execution shall issue against a tenant, or if this lease shall by operation of law pass to any person other than tenant, it shall be lawful for the landlord to terminate this lease by three days' notice to that effect mailed to the tenant, addressed to the demised premises, and to re-enter the said premises and remove all persons and property therefrom, or to obtain possession of the premises by summary proceedings or otherwise, and after obtaining possession thereof to alter or repair the same and to relet the same or any part thereof for the whole or any part of the term from time to time, as he may deem best."

On or about August 11, 1921, a petition in involuntary bankruptcy was duly filed against the plaintiff in the United States District Court for the Southern District of New York. Because of the filing of that petition and on or about September 2, 1921, the Schulte Realty Company duly served on Maurice Gillette and Charles Gillette, John B. Johnston and Maurice Gillette, as receivers for Gillette Bros., Inc., and upon defendant, a notice to the effect that pursuant to clause " 4th " of the lease between Schulte Realty Company and Maurice Gillette and Charles Gillette, said lease was terminated, such termination to be effective September 6, 1921, which notice stated that the ground for the termination of the lease was that proceedings in bankruptcy had been instituted against Gillette Bros., Inc.

Upon receipt of the notice purporting to terminate the Schulte lease as of September 6, 1921, because " proceedings in bankruptcy have been instituted against Gillette Bros., Inc. (the Corporation), the present tenant under said lease, and because said lease has by operation of law passed  *  *  *  to the receivers in bankruptcy of Gillette Bros., Inc.," and without any further proceedings being had, the defendant vacated the premises. On the following day, September 7, 1921, the Schulte Realty Company leased the premises to The Unity Lunch, Inc., a corporation having the same president and secretary as the defendant, both of whom as individuals had guaranteed defendant's performance of its lease.

The defendant advances alternative theories: (1) That the defendant is released by the cancellation of the lease from Schulte

Realty Company to Maurice Gillette and Charles Gillette as partners under clause " 4th " thereof, following its assignment to Gillette Bros., Inc., and the filing of a petition in bankruptcy against that corporation; or (2) that in the absence of an assignment of the original lease to Gillette Bros., Inc., said corporation has no right to the premises and, therefore, no claim for rent against this defendant which has been ousted by Schulte Realty Company, the paramount landlord.

The parties to this action both assume that there was an assignment of the lease from Gillette Bros. to Gillette Bros., Inc. In order to support the propositions of law for which either party contends, it is necessary to find such an assignment. The plaintiff would be unable to recover rent unless the lease had been assigned to it, and the defendant's contention that the lease was canceled because of the proceedings in bankruptcy against Gillette Bros., Inc., is based on the assumption that the lease had been so assigned.

If the contention of the defendant be correct, that the filing of the petition in bankruptcy against Gillette Bros., Inc., gave the Schulte Realty Company the right to cancel the lease, then the defendant may show such cancellation and that the defendant vacated the premises because the Schulte Realty Company exercised that right.

The plaintiff contends, however, that although Gillette Bros., Inc., took an assignment of the lease it did not assume the entire lease, so that proceedings in bankruptcy against it could not be said to be a ground for canceling the lease made by the Schulte Realty Company. If it had appeared that the firm of Gillette Bros., Inc., went into bankruptcy, and that the landlord attempted to assert the right to cancel the lease because of proceedings in bankruptcy against the copartners, in all probability Gillette Bros., Inc., the corporation, would contend that the bankruptcy proceedings against Gillette Bros., Inc., gave the landlord no such right to cancel a lease which had been assigned to Gillette Bros., Inc. Gillette Bros., Inc., having taken an assignment of the lease, and a petition in bankruptcy having been thereafter filed against it, the landlord was empowered to cancel the lease by virtue of provisions thereof contained in the paragraph quoted above.

In the case of *Smith* v. *Gronow* (65 L. T. Rep. [N. S.] 117) the court, writing on a similar subject, held that a provision for re-entry if the original " lessee, his executors, administrators, or assigns, shall become bankrupt," did not, after an assignment of the lease, give the lessor power to re-enter on the ground of the bankruptcy of the original lessee, the court saying: " I am of opinion that the proviso refers only to the bankruptcy of the person holding the estate — that is, the bankruptcy of the lessee, his executors,

or administrators, if there has been no assignment, or if there has been an assignment, then the bankruptcy of the assignee."

Holding, as contended by both parties, that the lease was assigned, the question arises whether the plaintiff assumed and became subject to all the provisions of the lease in the sense that they became directly applicable to plaintiff, as contended by the defendant, or whether the plaintiff has the right to accept and become directly subject to such provisions only of the lease as it wished to accept or assume. If by reason of a petition in bankruptcy against plaintiff the landlord had the right to cancel the lease, the plaintiff would be without right to recover the rent from the defendant in view of the other facts stated above.

The plaintiff rests on the alleged assignment to it of the lease made between the Schulte Realty Company and Gillette Bros., Inc. It cannot now assert that it rests on an assignment of the lease without having become subject directly to its provisions. (See *Mann* v. *Munch Brewery*, 225 N. Y. 189.)

In *Matter of Lindy-Friedman Clothing Co.* (285 Fed. Rep. 22), a case in many respects similar to the one now before the court, it was said: " In behalf of the appellees it was contended that no evidence adduced showed that, prior to the bankruptcy, there was any assignment or transfer, verbal or written, which was known or assented to by the lessors. * * * We are of opinion that if, before the bankruptcy, there was an assignment of the lease to the bankrupt, an effect of the assignment was to make the just-mentioned provision as applicable to the assignee as it was to the original lessees. Provisions of the lease negative the conclusion that, contrary to the expressed election of the lessors to annul the lease, it could, after the filing of the bankruptcy petition, be kept in force in favor of the estate of the bankrupt."

We are of the opinion that, as plaintiff took an assignment of the lease and paid the rent thereunder and now rests squarely on the sufficiency and validity of the assignment, it cannot contend that the landlord did not become empowered to cancel the lease, pursuant to its terms, on a petition in bankruptcy being filed against it.

The Schulte Realty Company having properly exercised that right, by notice, and plaintiff's tenant having vacated the premises in accordance with the notice, that tenant is not liable to the plaintiff for rent, and the judgment should be reversed.

CLARKE, P. J., DOWLING, FINCH and MCAVOY, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs. Settle order on notice.