**In re.TENENBAUM & ABRAMOWITZ, Inc.**

No. 50690.

District Court, S. D. New York.

Dec. 26, 1931.

Drechsler & Leff, of New York City, for alleged bankrupt.

Samuel Bierman, of New York City, for claimant-petitioner.

PATTERSON, District Judge.

The referee disallowed a claim filed· by a former landlord of the· bankrupt for unpaid rent, and the landlord has brought the matter here for review. The only question is whether a lease held by a former tenant had been assigned to the bankrupt.

The claimant owned business premises which it leased to one Tenenbaum, who was in the furniture business, for a term of five years·beginning March 1, 1926, at a rental of $250 a month. Tenenbaum died in April, 1926. For some months thereafter the busi-ness was continued, and the rent was paid by his widow as administratrix. In July or August, 1926, the bankrupt corporation, Tenenbaum & Abramowitz, Inc., was formed. It purchased the business from the estate, took possession of the premises, and carried on the business as "successors to N. Tenenbaum." It paid the rent of $250 a month regularly from August, 1926, until April, 1930, when it vacated the premises. On February 28, 1930, it had given the lessor written notice of its intention to vacate, claiming that it was a monthly tenant. To this the lessor retorted by letter, dated March 14, 1931, that the Tenenbaum lease had been taken over by the bankrupt, and that it would hold the bankrupt for rent until the end of the term, February 28, 1931. Beyond a similar letter written in April, 1930, nothing was done by the lessor to demand or to collect rent during the remainder of the alleged term until bankruptcy occurred. The claim for rent was then filed.

The foregoing facts are undisputed. The officers of the bankrupt denied that the lease had ever been assigned to it by Tenenbaum's estate. They also testified to several conversations with the claimant's officers, in which they stated that they had no lease on the place, and the claimant's officers replied that the bankrupt could stay on as long as it continued to pay the monthly rent of $250. The claimant's witnesses gave an entirely different version of these talks. According to their testimony, the bankrupt's officers told them that the bankrupt had taken over Tenenbaum's lease. The referee held that the payment of rent and possession by the bankrupt "are hardly sufficient to hold it as a tenant for a definite period of time"; that the presumption of an assignment from the fact of possession exists "where the possession is coupled with concrete written evidence showing the intent of the tenant to be bound"; and that, since there was no written evidence of the sort here, the landlord had failed to prove its claim.

But it has always been the rule that, where a person other than the lessee is shown to be in possession of leasehold premises, there is "a presumption, not only that the lease has been assigned to him, but also that the assignment was sufficient to transfer the term and to satisfy the statute of frauds. Payment of rent pursuant to the lease strengthens the presumption. Mann v. Munch Brewery, 225 N. Y. 189, 121 N. E. 746; Frank v. New York, Lake Erie & Western R. Co., 122 N. Y. 197, 25 N. E. 332; Bedford v. Terhune, 30 N. Y. 453, 86

Am. Dec. 394. The claimant therefore made out a prima facie case by merely proving the payment of rent and possession of the premises by the bankrupt. It was not obliged to couple up with these undisputed facts written evidence of an intent by the bankrupt to be bound by the lease. It is quite apparent from the referee's opinion that he did not give the claimant the benefit of this presumption.

The presumption of an assignment arising out of possession and payment of rent may be rebutted. Frank v. New York, Lake Erie & Western R. Co., supra. The occupant may offer evidence tending to show that he was in possession under some other arrangement, such as a sublease or a new lease between him and the lessor. In this case the bankrupt denied any assignment, and sought to show by oral evidence that a new lease on a monthly basis had been agreed upon between it and the lessor. The denial of assignment, while competent, was of course not conclusive, and as to the oral conversations there was a sharp dispute. The claimant's version of the conversations was that the bankrupt's officers admitted taking over the Tenenbaum lease. The referee apparently was more impressed by the testimony offered by the bankrupt than by that of the claimant. He saw and heard the witnesses, and his decision in this respect is entitled to weight. In re Rider (D. C.) 96 F. 811. The difficulty is, however, that I have no way of knowing what his decision would have been if he had given the claimant the advantage of the presumption to which it was entitled and had weighed the bankrupt's evidence in one scale against that presumption and the evidence offered by the claimant in support of it in the other scale. The proper course in such a case is to reverse the order and to remit the matter to the referee for rehearing. Moore v. Crandall (C. C. A.) 205 F. 689; In re Arthur E. Pratt (D. C.) 252 F. 917.

Two or three other points deserve mention. The statute of frauds was referred to in the referee's opinion, but it properly has no part in the case. Frank v. New York, Lake Erie & Western R. Co., supra; Mann v. Munch Brewery, supra; Carter v. Hammett, 18 Barb. (N. Y.) 608. The claimant is not obliged to prove an assumption of the lease, in the sense of an agreement on the bankrupt's part to pay the rent; what it must show, by presumption or testimony or both, is that there was an assignment. And, if there was an assignment of the lease to the bankrupt, liability for rent was not terminated by abandonment of the premises in 1930. Such liability could be terminated by surrender or by reassignment of the lease to another, but neither of these events seems to have occurred. Gillette Bros. v. Aristocrat Restaurant, 239 N. Y. 87, 90, 145 N. E. 748; Lynch v. Joseph, 228 App. Div. 367, 240 N. Y. S. 176.

The order of the referee will be reversed and the matter remitted to him for further hearing, the parties to be allowed to offer further evidence, if they so desire.