ESTATE PROPERTY CORPORATION, Respondent, *v.* HUDSON COAL COMPANY, Appellant.

First Department, May 17, 1940.

*Samuel Seabury* of counsel [*Thomas L. Ennis*, attorney], for the appellant.

*Frank A. Fritz* of counsel [*Arthur P. West* and *Leo G. Fritz* with him on the brief; *Bleakley, Platt & Walker*, attorneys], for the respondent.

CALLAHAN, J. This action is brought to recover damages for the removal of certain railroad tracks and other property from a coal mine in the State of Pennsylvania.

That part of the mine involved herein consists of property leased in 1898 by one Hackley to the Dolph Coal Company. Plaintiff is the successor of Hackley.

On July 3, 1916, the tenant, Dolph Coal Company, assigned its lease to the defendant, which remained in possession until July 8, 1920, at which time defendant assigned to Humbert Coal Company. The last-named assignee remained in possession and operated the mine until March 31, 1936, when the lease was terminated.

The plaintiff alleges that during the defendant's possession of the premises, between 1916 and 1920, defendant removed therefrom certain buildings, railroad equipment and other property, to which the plaintiff (by the terms of the lease) was entitled on the termination of the lease.

The lease and modification thereof are annexed to the complaint. The material portions of the lease consist of the seventh and twelfth paragraphs. The seventh reads as follows: " That the said lessee, or its successors, shall and will, at the expiration, forfeiture or other termination of said term, leave and surrender up possession of said lands, and all the buildings and improvements now erected or that may hereafter be erected on said tracts of land and all improvements connected therewith which are on said land, in reasonably good order, condition and repair  *  *  *,  to become and remain absolutely the property of said lessor, her heirs or

assigns, on the expiration, forfeiture or other termination of said lease, * * *."

The twelfth paragraph provides: " That at the expiration of said term, the said lessee shall and will leave upon the premises, all buildings, breakers, railroads, fixtures or improvements that may be erected thereon in reasonably good repair, to be and remain the property of the said lessor, her heirs or assigns, * * *."

The complaint asserts that when the lease was terminated in 1936 none of the property referred to in the complaint, which had theretofore been removed by the defendant, was on the surrendered tract.

On the motion by defendant for summary judgment no additional facts were submitted, defendant merely asserting that the assignment under which it went into possession (copy of which was attached to its affidavit) showed that the action had no merit. The effect of the assignment is to show that there was no assumption of the lease by the defendant. The complaint alleged such an assumption. In the answering affidavit the plaintiff does not take the position that there was any assumption, nor does it question the correctness of the copy of the assignment attached to the moving papers. Under the circumstances we must deem the claim of assumption abandoned. Plaintiff, accordingly, may not recover on any theory of privity of contract.

The question presented, therefore, is whether an assignee who did not assume the lease is liable in damages for breach of any covenant contained in the present lease, based on the fact that during its occupancy it removed the property described in the complaint. Such an assignee could only be liable on the theory of privity of estate.

A prior action between these parties, involving the same lease and the same alleged breach, was instituted before the termination of the lease. This action came to trial in Trial Term of the Supreme Court on December 4, 1930. That court held said action was premature. (See 139 Misc. 808.) The judgment entered, dismissing the complaint on this ground, was affirmed by this court without opinion. (237 App. Div. 878.)

The justice who tried the former case at Trial Term, in his opinion made several rulings concerning the proper construction of the lease. Both parties to this appeal claim that the prior judgment is res adjudicata. Plaintiff claims that, because the prior decision held the claim premature, it logically follows that an action would lie after termination of the term. The defendant claims that the finding in the prior case is that only the one in possession at the termination of the lease could be held liable on the theory of privity of estate.

The only issue that was adjudicated in the prior case is that said action was premature. Only in so far as it was necessary to construe the lease to determine the question of whether the prior action was timely are the prior rulings concerning construction *res adjudicata*.

In construing the lease in the prior action, in so far as it related to the issue then presented, Trial Term, in its opinion in the former case, said: " The language of the lease is significant. The tenant did not covenant that these fixtures should ' become ' the property of the landlord upon annexation to the land, but at the ' termination of said lease.' It did not covenant to keep the fixtures on the premises, but only ' to leave ' them there, also ' at the expiration of said term.' "

That opinion also said that " The equipment removed from the premises by the defendant was not the property of the plaintiff, and would not be its property until the term expired." It further said: " Here the property is not that of the landlord nor does he suffer injury until the tenant at the expiration of the lease fails ' to leave ' upon the premises the improvements which he has removed."

Our affirmance of the prior judgment dismissing the complaint did not necessarily mean we adopted all the statements in the former opinion of Trial Term. The gist of our prior decision was that the defendant at that time could not be held for breach of a covenant which was incapable of violation until the end of the term.

Quite aside, however, from any rule of *res adjudicata*, we agree, in the main, with the construction heretofore placed on the covenants in the lease by Trial Term in the prior case. We hold that the covenants mean that any improvement which might have been annexed by the lessee was not to become the property of the lessor until the termination of the lease, and that said covenants did not make mere removal of property a breach, but that such a breach could only arise for failure to leave all improvements at the expiration of the term.

The essential purport of the covenants found in the present lease relates to the condition of repair of improvements on the property. True, they also provide that at the expiration of the term such improvements should become the property of the lessor. If these covenants can be said to be unique it is because they failed to impose any liability upon the lessees except that measured by the condition of the premises and the improvements thereon at the end of the term.

Neither party makes reference to Pennsylvania law. The rule is well settled in the State of New York that an assignee of a lease is not liable for any breaches of covenants, excepting those occurring while it is in possession. The rule was stated by our Court of

Appeals in *Mann* v. *Munch Brewery* (225 N. Y. 189, 195), as follows: " The rule is that the liability of an assignee grows out of the privity of estate and that only. It ceases when that privity ceases to exist and each successive assignee is liable only for such breaches of covenant as occur while there is privity of estate between him and the lessor. * * * When the privity of estate is broken by re-assignment of the lease or surrender of possession the liability of the assignee on the covenants is at an end. [Citing cases.] The assignee is only bound by the covenants so long as he retains possession."

It is said in Wood's Landlord and Tenant (§ 307, pp. 496–498): " The lessee has both a privity of contract and a privity of estate; and though he assigns, and thereby destroys the privity of estate, yet the privity of contract continues, and he is liable in covenant notwithstanding the assignment; but the assignee comes in only in privity of estate, and is therefore liable to the lessor and his assigns for those breaches only which occur during the continuance of such privity of estate, and before he assigns over."

As defendant was not in possession at the end of the term, no duty created by privity of estate arising for the first time on the date of expiration of the lease would rest on defendant.

It must be remembered that the action is not one for waste, but for breach of covenant. It relates to removal of property placed thereon by the lessees, and not property placed thereon by the landlord. The affidavit of plaintiff's assistant treasurer says that the property consisted of certain railroad tracks, mining cars and mining equipment. He says that the prior action sought damages for the removal of the same property. It appears from the prior record that the mining railroads and equipment had been erected by the various lessees. It was the custom to move them from place to place, according to where the mining was being carried on. The mine concerned herein involved several tracts of land leased from different owners, including plaintiff's tract. It might well be that the railroads and the other equipment were moved from plaintiff's property to some adjoining property and left there by defendant when it had surrendered possession. When we consider this possibility we can see that the construction placing liability for restoration (based on privity of estate) only on the lessee in possession at the time of termination is not such a harsh rule as it might first seem. In any event, even though the property were completely removed from any part of the mine, we are constrained to hold that no breach of the covenants involved herein occurred until the end of the term. As defendant would only be liable by reason of privity of estate, and any such privity ceased in 1920, it was not guilty of any breach occurring in 1936. The present breaches occurred in that year.

This view, if correct, requires dismissal of the complaint on the merits.

We find no inconsistency in the two decisions in this case. While the effect of the prior decision was that the former suit is premature, it did not necessarily follow that defendant would be liable at the end of the term. The lease was one for an indefinite term, and it was impossible at the time of the first trial to determine whether the defendant might re-enter possession. Nor do we now decide that the present action is too late. We hold merely that liability based on privity of estate may not be asserted against this defendant, in view of the fact that it was not in possession when the lease expired.

Under the circumstances it becomes unnecessary for us to pass on the other points raised by defendant concerning the alleged insufficiency of the complaint.

The order should be reversed, with twenty dollars costs and disbursements, and defendant's motion to dismiss the complaint on the merits should be granted.

MARTIN, P. J., O'MALLEY and COHN, JJ., concur; DORE, J., dissents, with opinion.

DORE, J. (dissenting). As the complaint fails to allege performance or excuse for non-performance, the motion for judgment on the pleadings should be granted on that ground alone, with leave, however, to plaintiff to replead.

Summary judgment, however, in defendant's favor finally dismissing the complaint should not be granted until after a full disclosure of all the facts at trial. The terms of this lease relating to mining property in Pennsylvania are unique and neither side presents a controlling authority construing precisely similar terms of agreement either under Pennsylvania law (which would be an issue of fact) or New York law. In the former action plaintiff was told " that the action cannot be maintained until the expiration of the term." (*Estate Property Corporation* v. *Hudson Coal Co.*, 139 Misc. 808, 811; affd., 237 App. Div. 878.) Plaintiff in this action, suing after expiration of the term, is now told in effect that the action is too late as there can be no liability on the part of defendant as assignee, not having assumed the covenants of the lease, except for breach occurring during the period defendant was in possession. That period had ended before the prior action was begun. The lease having terminated, the issues should be decided after a trial and not on affidavits. I dissent and vote to affirm the order denying defendant's motion for summary judgment.

Order reversed, with twenty dollars costs and disbursements, and motion to dismiss the complaint on the merits granted.