MOHONK REALTY CORPORATION, Respondent, *v.* WISE SHOE STORES, INC., Appellant.

First Department, June 19, 1940.

*Joseph M. Proskauer* of counsel [*I. Alfred Levy* with him on the brief; *Dorff & Levy*, attorneys], for the appellant.

*Frederick E. Crane* of counsel [*David W. Kahn* and *Meyer Grouf* with him on the brief; *Wachtell, Manheim & Grouf*, attorneys], for the respondent.

O'MALLEY, J. In this action brought to recover a month's rent, summary judgment has been granted in favor of the plaintiff upon the theory that the defendant was not a mere assignee of the original tenant, Wise Shoe Company, Inc., but under all the circumstances, had also assumed the lease. Defendant maintains that it was but a mere assignee in possession and that it had, prior to the month in question, assigned the lease to yet another party, surrendered possession to him and that he had entered into possession, accepting the assignment.

The question to be determined, therefore, is whether defendant has shown facts entitling it to defend on the theory of a mere assignment with no assumption. If it has shown sufficient facts in this respect, the order granting plaintiff summary judgment must be reversed.

Plaintiff leased the premises in question to the Wise Shoe Company, Inc., for a term commencing November 1, 1936, and ending December 31, 1946. The tenant took possession and complied with the terms and conditions of the lease until on or about August 19, 1938, when it filed a petition in the United States District Court in the Southern District of New York for reorganization under the Bankruptcy Act.

In the reorganization proceedings, the tenant was continued in possession of the premises as a debtor in possession and paid the rent under such status until April, 1939. Under the plan of reorganization, opportunity was afforded for disaffirmance of such leases as might be deemed expedient. The lease under consideration was not rejected.

Pursuant to the plan of reorganization finally adopted, the plaintiff being a party to the proceedings, the District Court ordered the assets of Wise Shoe Company, Inc., the tenant, to be transferred to the defendant Wise Shoe Stores, Inc. The order provided that unrejected leases should be *assigned* to the new corporation, the defendant herein.

The defendant entered into possession and it paid the rent reserved until the monthly installment of February 1, 1940, became due. It is for this sum the present action was instituted.

It would seem that a debtor continued in possession by a court order does not continue in possession in its own right but does so as a court officer, such as a receiver or trustee. There arises between the landlord and the debtor in possession, therefore, merely privity of estate and any obligation under the lease terminates upon assignment to a third party. The adoption of a lease by a receiver or trustee creates privity of estate but not of contract. (*United States Trust Co.* v. *Wabash Railway*, 150 U. S. 287; *Siegel* v. *Schulte*, 111 F. [2d] 83.)

It is to be noted that the District Court and the Circuit Court have so viewed the situation here. The plaintiff heretofore moved in the District Court to reopen the proceedings so as to provide in the reorganization plan that the defendant should *assume* liability under the leases. The motion was denied by the District Court and the order of denial affirmed by the Circuit Court of Appeals. (111 F. [2d] 287.)

The opinions in both courts called attention to the fact that the plan of reorganization was confirmed without protest from the plaintiff. It was further held (the court construing its own order confirming the plan) that there was a mere assignment creating only privity of estate and not of contract.

In this view alone, it seems to us that the defendant has shown facts sufficient at least to entitle it to defend and to require a denial of the motion for summary judgment. If a mere assignment, there are other triable issues presented such as relate to the assignment made by the defendant, its surrender of possession to its assignee, the latter's acceptance of the assignment and entrance into possession.

Irrespective of the decisions in the Federal court already mentioned, we are of opinion that at best for the plaintiff there are triable issues presented respecting whether the defendant should be held bound through privity of contract, as distinguished from privity of estate.

It is true that, while under the terms of the lease there was no condition or covenant against assignment, there was a covenant

not to assign except as provided therein. Under these provisions, the lessee was obliged to disclose to the plaintiff a proposed assignee and the terms proposed. The plaintiff then had the privilege of proposing an assignee of its own choice on conditions not less favorable than those offered by the tenant's proposed assignee.

In case the landlord accepted the assignee produced by the tenant, the assignee was to *assume* the lease and agree to be bound by all its terms and conditions as if it had been the original party.

The lease further provided that it and all its terms, conditions, covenants, agreements and promises were to be binding upon and inure to the benefit of the parties, " their legal successors and assigns." Every such assignee and assignor was to remain liable for payment of the rent and performance of the other terms and conditions until the end of the term.

It has been held that, even where a lease contains an absolute covenant against assignment, if in fact the lease is assigned, that covenant is not binding upon the assignee and such assignee who thereafter reassigns and removes from possession is no longer bound by the covenant to pay rent. (*Mann* v. *Munch Brewery*, 225 N. Y. 189; *Madden* v. *La Cofske*, 72 F. [2d] 602.)

Here it is to be noted that the plaintiff recognized defendant's right to possession and accepted rent from it. It did so pursuant to the plan of reorganization which provided merely that the leases should be assigned and which plan did not call for any assumption of the leases on the part of the assignee. We are of opinion that under the circumstances the defendant has cogent argument that only privity of estate arose.

We do not now express our views with finality on the main issue presented nor with respect to the question as to whether the construction placed upon the plan of reorganization by the Federal courts is *res judicata* thereon. Suffice it to say that under the circumstances presented, we are of opinion that the defendant has shown facts entitling it to defend.

If follows, therefore, that the order appealed from should be reversed, with twenty dollars costs and disbursements, and plaintiff's motion for summary judgment denied.

MARTIN, P. J., TOWNLEY, COHN and CALLAHAN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion denied.