LEON MITRANY et al., Individually and on Behalf of Other Persons and Their Families Similarly Situated, Constituting Generally Veteran Tenants at Marine Park and Manhattan Beach Projects in the Borough of Brooklyn, Appellants, v. HERMAN T. STICHMAN, as Commissioner of Housing of the State of New York, et al., Respondents.— Plaintiffs appeal from an order denying their motion for a temporary injunction, in an action for a permanent injunction, and granting defendants' cross motion to dismiss the complaint in said action, pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice. Order affirmed, without costs. In view of the provisions of chapter 173 of the Laws of 1953, which required emergency housing projects to be vacated not later than November 30, 1953, the appellants, after that date, had no legal rights entitling them to equitable relief. Adel, Wenzel and MacCrate, JJ., concur; Beldock, J., dissents and votes to reverse the order appealed from, to grant appellants' motion for a temporary injunction and to deny respondents' cross motion to dismiss the complaint, with the following memorandum: In January, 1953, when section 206 of the Public Housing Law provided that article IX-A of that statute shall continue in full force and effect until March 31, 1953, this court affirmed an order enjoining the present respondents from reducing or failing to supply customary and adequate heat, water, electricity, maintenance and other services to the appellants, and denying cross motions made by the present respondents to dismiss a complaint similar to the complaint here involved. (*Powell* v. *Stichman,* 281 App. Div. 765.) On March 24, 1953, the Legislature extended the provisions of article IX-A of the Public Housing Law to December 31, 1953. The determination of this court on the prior appeal compels a similar determination now. In that case it appeared that several of the tenancies had been terminated and, in fact, summary proceedings to recover possession had been instituted prior to the commencement of the action. Therefore, the fact that, in the present action, the tenancies had been terminated by the statute at the time of the commencement of the action is not a bar either to the maintenance thereof or to the granting of the temporary relief sought. Between August, 1953, and October, 1953, respondents commenced a number of summary proceedings in the Municipal Court of the City of New York to recover possession of the premises. By those proceedings respondents submitted themselves to the jurisdiction of that court, which, on December 17, 1953, granted a final order in favor of the respondents, as landlords, but stayed execution of warrants until January 10, 1954. It is well settled that the relationship of landlord and tenant continues up to the time of the issuance of the warrant. (Civ. Prac. Act, § 1434; *Mann*

v. *Munch Brewery,* 225 N. Y. 189, 194.) It having been judicially determined that appellants are entitled to possession of the premises as a matter of right until the issuance of the warrants, despite the expiration of the statute on December 31, 1953, respondents may not accomplish indirectly, by acts amounting to a constructive eviction, what they could not accomplish directly. The complaint in the present action seeks, *inter alia,* to enjoin respondents from evicting appellants except by lawful judicial process, and further to enjoin respondents from shutting off essential services and utilities, until the execution of warrants of eviction duly issued by a court of competent jurisdiction. Respondents having submitted to the jurisdiction of the Municipal Court of the City of New York, wherein they sought warrants of eviction, the execution of which has been stayed by order of that court until January 10, 1954, in my opinion, the cross motion to dismiss the complaint for insufficiency, pursuant to rule 106 of the Rules of Civil Practice, should have been denied. Nolan, P. J., not voting.