■ DICPA FOODS, INC., Appellant, v ANCHOR HOLDING CO. et al., Respondents.—Judgment, Supreme Court, New York

County (Bruce McM. Wright, J.), entered December 4, 1989, which granted defendants' motion for a directed verdict after trial without a jury dismissing plaintiff's complaint, unanimously affirmed, with costs.

When this matter was previously before this court, under the caption *Anchor Holding Co. v Michael's Coffee Shop* (81 AD2d 535), we recognized DICPA's right to litigate its present claim in a plenary action. Accordingly, DICPA commenced the instant action alleging that it had been wrongfully evicted from the premises and its reversionary interest ignored. We also recognized the landlord's right to allege that it had been misled by DICPA and its attorney's misrepresentations that there was in fact an assignment, rather than sublet of the premises, and that these misrepresentations could preclude recovery by DICPA. *(Supra,* at 536.) Under the facts and circumstances of this case, we are satisfied that the IAS court correctly concluded that defendants had established an equitable estoppel as a bar to DICPA's claim of wrongful eviction, based on defendants' failure to give it notice of the eviction proceeding. The IAS court below concluded on sufficient evidence that defendants (landlord) had been misled. DICPA and its attorneys had ample opportunity to inform defendants of the true facts with respect to its transfer of possession of the premises to Michael's. It failed to do so, choosing instead to allege that it had assigned the premises to Michael's and that it maintained only a security interest in equipment on the premises. Under these circumstances, DICPA is estopped from alleging that it should have been given notice of the nonpayment proceeding against Michael's, which resulted in Michael's ouster from the premises and reletting to a new tenant. *(Mann v Munch Brewery,* 225 NY 189, 193.) Concur—Kupferman, J. P., Sullivan, Carro and Milonas, JJ.